## Sharpless, Appellant, *v.* Willauer.

*Equity—Right of way—Interference with easement.*

1. A bill in equity will lie to restrain a defendant from using and occupying as a private lawn, a strip of ground alleged to be a street to the use of which the plaintiff is entitled as a way appurtenant to his land; but the bill will be dismissed on demurrer if it fails to aver the facts which make the plaintiff's right clear.

2. In such a case a mere averment that the strip had at one time been a public street is insufficient, if it appears that it had been vacated as a street, and there is no averment that any person either bought or sold a lot of ground calling for the street as a boundary during the time the street was a public highway.

3. Where an easement or other right is not expressed and is sought to be implied as attached to the grant of the fee, the same must clearly appear from the intention of the parties as shown by the terms of the grant, the surroundings of the property and the other res gestæ of the transaction.

Argued Nov. 17, 1908. Appeal, No. 15, Oct. T., 1908, by plaintiff, from decree of C. P. Chester Co., No. 482, In Equity, dismissing bill in equity in case of Philip Sharpless v. Arthur E. Willauer. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Bill in equity for an injunction to restraining the closing of an alleged private street. Before HEMPHILL, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in sustaining the demurrer and dismissing the bill.

*John G. Johnson,* with him *Thomas S. Butler,* for appellant.—
It is immaterial to the rights of a lot owner in a plan of lots,
how many lots have been sold and whether or not the streets
appear on the maps of the municipality or are adopted as public
streets, or are vacated: Garvey v. Refractories Co., 213 Pa. 177;
Carroll v. Asbury, 28 Pa. Superior Ct. 354; Twibill v. Railway
Cos., 3 Pa. Superior Ct. 487; Held v. McBride, 3 Pa. Superior Ct.
155; Manbeck v. Jones, 190 Pa. 171.

It is a recognized principle of law that where a street called
for as a boundary in a deed is not a public street the grantee
acquires an easement or right of way over the land designated
as a private street: Van Meter v. Hankinson, 6 Wharton, 307;
Twibill v. Railway Cos., 3 Pa. Superior Ct. 487; Andreas v.
Steigerwalt, 29 Pa. Superior Ct. 1; Kirkham v. Sharp, 1 Whar-
ton, 323; Cope v. Grant, 7 Pa. 488.

*Alfred P. Reid,* for appellee.—The vacation of Elizabeth
street by the court of quarter sessions in 1880, was an abandon-
ment by the public of all rights of the public in the street, under
the deed of dedication.

Express dedication of a road to public use by deed, must be
accepted; if not, it is of no validity: In Re Alley in Pittsburg,
104 Pa. 622; Pa. R. R. Co. v. St. Ry. Co., 176 Pa. 559; Com. v.
Shoemaker, 14 Pa. Superior Ct. 194; Com. v. Royce, 152 Pa. 88;
Washington Female Seminary v. Washington Boro., 18 Pa.
Superior Ct. 555.

This street never having been opened to or used by the
public, since 1880, more than twenty-one years before the filing
of this bill, the public have no rights therein: Quicksall v.
Phila., 177 Pa. 301; Woodward v. Pittsburg, 194 Pa. 193;
Black v. Pittsburg, etc., St. Ry. Co., 34 Pa. Superior Ct. 416.

The language in the appellant's deed was not a dedication
of the street to public use. The doctrine of dedication has no
application to a use that the public cannot enjoy: Pearsall v.
Post, 20 Wendell, 111; Cobb v. Davenport, 33 N. J. L. 223;
Thomas v. Ford, 63 Md. 346.

The appellant, by his deed, acquired no rights in Elizabeth
street, except to use the same along the line of the land con-

veyed to him, between Walnut and Matlack streets, for access to his lot: Bellinger v. Union Burial-Ground Society, 10 Pa. 135; Brooklyn St., 118 Pa. 640; Cannon v. Boyd, 73 Pa. 179; Manbeck v. Jones, 190 Pa. 171.

Where an easement or other right is not expressed and is sought to be implied as attached to the grant of the fee, the same must clearly appear from the intention of the parties as shown by the terms of the grant and the surroundings of the property and the other res gestæ of the transaction: Fitzell v. Phila., 211 Pa. 1; Union Burial-Ground Society v. Robinson, 5 Wharton, 18; Cox v. Freedley, 33 Pa. 124; Neely v. Phila., 212 Pa. 551.

The distinctive feature of the cases where an easement was held to have been acquired in other streets than those contiguous to the lot sold, is, that there was some reference in the deed to a plot or plan of lots made by the grantor by which he sold: Schuchman v. Homestead Boro., 111 Pa. 48; Wickham v. Twaddell, 25 Pa. Superior Ct. 188; Ermentrout v. Stitzell, 170 Pa. 540; Higgins v. Sharon Boro., 5 Pa. Superior Ct. 92; Witman v. Smeltzer, 16 Pa. Superior Ct. 285; Ferguson's App., 117 Pa. 426; Patterson v. Gas Co., 172 Pa. 554; Fereday v. Mankedick, 172 Pa. 535; Quicksall v. Philadelphia, 177 Pa. 301; Com. v. Shoemaker, 14 Pa. Superior Ct. 194; Richardson v. McKeesport, 18 Pa. Superior Ct. 199; Deppen v. Bogar, 7 Pa. Superior Ct. 434.

OPINION BY PORTER, J., April 12, 1909:

The plaintiff seeks by this bill in equity to restrain the defendant from using and occupying as a private lawn or for any private purpose any part of a strip of ground sixty feet wide extending from High street to Walnut street, in the borough of West Chester, averring that the said strip of land was a street, called Elizabeth street, to the use of which the plaintiff was entitled as a way appurtenant to a piece of land owned by him located in said borough and bounded by Ashbridge street, Walnut street, Matlach street and said Elizabeth street. The defendant demurred to the bill, and the court below sustained the demurrer. The question is whether the bill avers facts

which clearly entitle the appellant to the use of Elizabeth street, between Walnut street and High street, as a way appurtenant to his land, situate between Walnut street and Matlach street.

There is a remedy at law for interference with an easement of the character here asserted, but where the right is clear and the facts are undisputed the party injured may be entitled to equitable relief, for in such a case there is no necessity for first resorting to an action at law in order to establish the right. The bill in such a case must, however, sufficiently aver the facts which make the right clear. The bill in this case failed in this particular, and if the facts averred, and nothing more, had been proved, the appellant would not have been entitled to the relief for which he prayed.

The bill averred that Anna Mary Warrington and others had by deed dated January 13, 1875, granted and conveyed to the borough of West Chester "for the exclusive purpose of streets and highways for the accommodation of the public and that of the inhabitants of said borough and for no other use and purpose whatsoever," certain strips or pieces of land forming streets or avenues; "amongst others so conveyed was a strip of land sixty feet in width, beginning in High Street about seven hundred and eighty-four feet north of Marshall Street and extending parallel with said Marshall street to Franklin street being known as Elizabeth Street." That said Elizabeth street was laid out and opened as a public street or highway by the court of quarter sessions of Chester county, in April, 1875, and that the said street was vacated, as a public street or highway, by proceedings in the said court in October, 1880. That about the year 1876 or 1877, being during the time the said street was a public highway, Anna Mary Warrington caused the said Elizabeth street to be graded and shade trees to be planted along the same. The bill does not aver that Mrs. Warrington and the other owners of land who joined in the deed to the borough, dedicating the land to public use as a highway, had among themselves entered into any deeds or covenants by force of which the respective owners and those who subsequently derived title from them would acquire any right to use the strips of land in question as ways appurtenant to their respective

holdings. This deed was a tender of the strip of ground to the public for the exclusive purpose of a public highway; the action of the public authorities in laying out and opening the street as thus dedicated was an acceptance of the dedication, and the subsequent vacation of the street was a renunciation of all the public right in the land. The street was a public highway from 1875 to 1880. When in 1880 the street was vacated all the rights of the public therein ceased, and the owners of the fee took the land discharged of the easement. The bill contains no averment that any person either bought or sold a lot of ground calling for this street as a boundary during the time the street was such a public highway. The mere fact that this strip of ground was at one time a public highway can, therefore, have no weight in determining the question whether this appellant subsequently became entitled to the private right to use the strip of ground as a way appurtenant to his lot. The dedication and opening of the street as a public highway might become material in fixing the location of the street, if the bill sufficiently averred facts which would entitle the plaintiff to use the strip of ground as a way appurtenant to his lot, under some right of private contract, or grant.

The averments of the bill as to what occurred after the street was vacated are meagre and may be briefly stated. Mrs. Warrington, on May 13, 1885, appeared before the borough council of West Chester and asked the said council to adopt and record the plan of the Warrington Extension; a plan was made by order of the burgess and council and the same was surveyed by Francis Lightfoot, the borough surveyor, the bill does not aver that this plan was adopted or approved by either Mrs. Warrington or the borough authorities. Mrs. Warrington by deed dated May 15, 1896, conveyed to the plaintiff "all that lot of land situate on Walnut Street between Ashbridge Street and a private street called Elizabeth Street, in said borough of West Chester, bounded on the west by said Walnut Street, on the north by said Ashbridge Street, on the east by Matlach Street and on the south by said Elizabeth Street." This deed did not refer to "Warrington Extension" or any plan of lots subdividing the property of the grantor. Mrs. Warrington by

deed dated April 14, 1902, almost six years after the plaintiff had acquired title to his land, conveyed to Mamie S. Eyre a piece of land, situate in the borough of West Chester, "bounded, and described according to a plan of lots known as the Warrington Extension of the town plan of West Chester, attached hereto as follows: Bounded on the north by Ashbridge Street, on the west by High Street, on the south by Elizabeth Street and on the east by Walnut Street." These are the only acts of or conveyances by Mrs. Warrington averred in the bill, and from these alone the plaintiff contends an implied covenant arises which entitles him to the use of that part of Elizabeth street in question as a way appurtenant to his land. The bill does sufficiently aver that Mrs. Warrington owned the strip of ground in question, or at least forty out of the sixty feet in width, and had power, at the time she executed the deed to this plaintiff, to subject it to the easement for which the plaintiff contends.

The averment as to the application of Mrs. Warrington to the borough council and the action of the council in having a survey made and a plan thereof, if true, does not establish that Mrs. Warrington or the borough authorities had adopted the plan and that the land of the owner had been subdivided into lots and streets. The deed under which the plaintiff acquired his title does not refer to any plan of lots. That deed clearly distinguishes between Elizabeth street and the other streets which constituted the boundaries of the lot, for while all the other boundaries are referred to as streets, Elizabeth street is designated as "a private street." It is not necessary to determine what right the plaintiff acquired in that part of Elizabeth street between Matlach street and Walnut street, upon which his lot directly abutted; his right to the use of that part of the street is not questioned. He is here asserting a right to use a part of Elizabeth street in a square other than that in which his lot is located.

The deed from Mrs. Warrington to Mamie S. Eyre, executed six years after the plaintiff had acquired title to his lot, was undoubtedly effective to vest in the grantee and her successors in title the right to use Elizabeth street as located on the plan of "Warrington Extension," as a way appurtenant to the land

which passed under the grant. The right so passing under that grant was a matter of private contract between the parties to the deed, implied from the terms of the conveyance. That deed did not, however, vest in this appellant any right to use Elizabeth street as a way appurtenant to the lot which he then owned and which did not pass under the Eyre grant: Andreas v. Steigerwalt, 29 Pa. Superior Ct. 1. The other deeds which appellant has printed in his paper-book, which were not recited in the bill and not thereto attached as exhibits, cannot be considered in determining the sufficiency of the averments of the bill.

The bill did not aver that Mrs. Warrington, at the time she conveyed the lot to plaintiff, had made any plans subdividing her property and locating that part of Elizabeth street in question, nor did it aver that the deed to plaintiff in any manner referred to any plan of subdivision of the Warrington property. The mere fact that no plan had upon paper been made of a subdivision of the property might not be controlling, if such a subdivision had actually been made upon the ground and the street had been there located and the deed to the plaintiff had so described it. The bill does not, however, contain any averment as to the conditions actually existing upon the ground at the time plaintiff acquired title. The bill does not aver that, at the time Mrs. Warrington executed the deed to plaintiff, the part of Elizabeth street in question was actually opened upon the ground, as a way for the use of the land. Where an easement or other right is not expressed and is sought to be implied as attached to the grant of the fee, the same must clearly appear from the intention of the parties as shown by the terms of the grant, the surroundings of the property and the other res gestæ of the transaction: Fitzell v. Philadelphia, 211 Pa. 1; Neely v. Philadelphia, 212 Pa. 551. The plaintiff may have the right to use this part of Elizabeth street, as a way appurtenant to his land, but the existence of that right does not clearly appear from the facts averred in the bill.

The decree is affirmed and the appeal dismissed at cost of the appellant.

MORRISON and HEAD, JJ., dissent.