## Rhoads, Appellant, *v.* Walter.

*Deeds—Boundaries—Call for private alley—Use of alley.*

When land is sold bounded by a private alley, which alley is in fact opened and used at the time the conveyance is made, and the alley is convenient or necessary to the premises sold, unless there is something in the conveyance restricting the use solely to the grantor or expressly excepting the alley from the grant, the right to use it passes with the conveyance and becomes appurtenant to the property.

Argued March 1, 1915.  Appeal, No. 27, March T., 1915, by defendant, from decree of C. P. Columbia Co., Sept. T., 1914, No. 1, dismissing bill in equity in case of William B. Rhoads v. Henry W. Walter and C. A. Kleim, executor of Henry Kleim, deceased.  Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Bill in equity for an injunction.
Demurrer to bill.
The bill averred that C. A. Kleim, executor of Henry Kleim with power of sale, executed on July 31, 1905, a deed to the plaintiff, of certain land described as follows:

"Beginning at a point on the southwest side of East street, in the Town of Bloomsburg being the southeaster-

ly corner of lot No. 11, now owned by William Hartman; thence by said lot south forty-two degrees ten minutes west two hundred feet to Strawberry alley; thence by the same south forty-seven degrees thirty minutes east twenty-six feet more or less to the north line of Fourth street; thence along the same north sixty-six degrees thirty minutes east forty-seven feet, more or less, to a private alley ten feet wide; thence along said private alley north twenty-three degrees thirty minutes west 20.3 feet; thence along the head of said private alley by lot of Smith McBride north forty-two degrees ten minutes east 149.5 feet to said East street; and thence along the same north forty-seven degrees fifty minutes west twenty-nine feet to the place of beginning."

On November 17, 1914, C. A. Kleim, executor, executed a deed to Henry W. Walter for a strip of land described as follows:

"All that certain piece, parcel and lot of land situate in the said Town of Bloomsburg in the County of Columbia, and State of Pennsylvania, bounded and described as follows, to wit:

"Beginning at a corner on the north side of East Fourth street as now laid out at corner of lot of Henry W. Walter and running thence along the line of said lot north twenty-three degrees and thirty minutes west, thirty-four feet and nine inches to a corner in line of lot now owned by W. B. Rhoads, thence along the line of said lot south forty-two degrees and ten minutes east ten feet to a corner in another line of said lot; thence along the same south twenty-three degrees and thirty minutes west twenty and three-tenths feet to Fourth street aforesaid; and thence along the same north sixty-six degrees and thirty minutes east, ten feet to the place of beginning, containing two hundred and twenty-five square feet of land, be the same more or less. It being a part of the same lot which Samuel Jacoby and wife by their indenture of deed dated the thirtieth day of April, A. D. 1857, and recorded in the office for recording of deeds in

and for the County of Columbia in deed book volume 56, at page 319, did grant and confirm unto Henry Kleim, whose executor is grantor hereto, and to his heirs and assigns forever. This deed is intended to cover the fee to and the foregoing description is intended to cover the private alley the use of which was granted by Henry Kleim to D. A. McGee by deed dated October 9, 1894, and recorded in the said office in deed book, volume 56 at page 327, and referred to in deed of Henry Kleim's executor to W. B. Rhoads dated July 31, 1905."

Subsequently Walter erected a board fence, enclosing the alley, and cutting off plaintiff's access to it.

The defendant demurred to the bill.

The court sustained the demurrer and dismissed the bill.

*Error assigned* was decree dismissing the bill.

*R. W. Archbald,* with him *C. W. Miller* and *L. E. Miller,* for appellants.—The land conveyed to the plaintiff being bounded by the alley, the plaintiff took title to the center of it and had a right to the use of it, in conjunction with the other abutting owner: Saccone v. West End Trust Co., 224 Pa. 554; Oliver v. Ormsby, 224 Pa. 564; Washburn's App., 105 Pa. 480; Ferguson's App., 117 Pa. 426; Piro v. Shipley, 211 Pa. 36; Andres v. Steigerwalt, 29 Pa. Superior Ct. 1.

*Ralph R. John,* with him *H. Montgomery Smith,* for appellees, cited: Fitzel v. Philadelphia, 211 Pa. 1; Neely v. Philadelphia, 212 Pa. 551; Sharpless v. Willauer, 39 Pa. Superior Ct. 205.

OPINION BY KEPHART, J., October 11, 1915:

The question presented in this appeal is whether the averments contained in the appellant's bill were sufficient in law to sustain it. The court below deemed them insufficient and on demurrer dismissed the bill. The

controversy arose from the use as a private alley of a strip of ground ten feet in width and about twenty feet in length. Both Rhoads and Walter, parties hereto, claim under the same grantor. The lots immediately adjoining the alley are severally owned by these parties. Appellant's deed contained the following calls and boundaries: "Thence......forty-seven feet, more or less, to a private alley ten feet wide; thence along said private alley north......20.3 feet; thence along the head of said private alley by lot of......" The deed under which Walter specifically claims title to this ten-foot strip adjoining his lot is from his codefendant. The court below seemed to consider the language of appellant's deed as absolutely controlling the question as to whether or not the appellant was given the use of this alley, and held that the use of the term "private alley" had such a different signification than public alley, that the grantor in using this term intended it to apply as a restriction on the lot conveyed, and as a designation of a way solely for the grantor's own use, and as used it excluded this way as being appurtenant to appellant's ground. There is nothing in appellant's deed which would sustain this limited construction. Unless it did clearly appear that such construction was intended, the term "private alley" should receive its legal meaning. That would be an alley which the municipality would not be required to keep in repair, or be liable in damages for injuries sustained thereon; one that subserves the convenience of particular individuals, and, in so far as its use is here claimed, it would be the right or easement which one man has of going over another's land to and from his premises abutting thereon. Reading into appellant's deed the meaning of the term, thus generally taken, the principle applicable to its use will be found in Saccone v. West End Trust Co., 224 Pa. 554, and Oliver v. Ormsby, 224 Pa. 564. In the case first cited it is held that: "If the alley in question had been a public highway, the grantees of land bounded thereon would without doubt

have taken the fee to the center of the highway, if the grantor owned such fee, and had used no language in his deed indicating an intention to retain the fee in the highway......We can see no good reason why the same rule should not apply to land which is conveyed as bounded by a private way......In some of our cases, the language used appears to sustain the contention of appellants, that there is a distinction between the call for a public highway as a boundary, and a private street or alley, so designated. But we think upon examination that these decisions were not intended to go further, than to hold that where land is conveyed as bounded by an unopened street, the grantee takes the fee only to the side line of the street, with an easement over its bed...... The authorities are uniformly to the effect that the question of whether the grant includes the fee to the bed of the highway is one of intention. The grantor in the present case did not expressly except from his conveyance the fee of the alley in the rear of the lots conveyed, and it is hardly reasonable to suppose that he intended to reserve a strip at the end of the four lots, three feet wide and eighty feet long, which he was subjecting to easements which, so long as claimed by the grantees, would prevent him from making any beneficial use of the fee in the strip.''

Without attempting to enlarge on the principal here laid down, we believe the facts stated in appellant's bill bring it within the principal here stated. The language in his deed is of great importance, but we must consider the conditions on the ground at the time the conveyance was made if we are to ascertain the real intention of the grantor. In a conveyance designating a street as a boundary, it is always open to proof to show that the street was unopened and unused, and therefore the grantee's right was limited to the edge or side of the street. So with respect to the alley in question. As intimated by Brother PORTER, in Sharpless v. Willauer, 39 Pa. Superior Ct. 205, the conditions actually existing on the

ground at the time plaintiff acquired title must be averred in order to secure the relief sought.

Appellant avers that at the time the deed was made the lot was vacant, with the alley as appurtenant; that a deed was made by this same grantor, eleven years before appellant's deed, to one D. A. Magee for the use of this strip of ground as a private alley; that appellant constructed his house with reference to it, built part of a brick walk on it, and sold off land with respect to it. His bill might have, with more particularity, averred the use at the time the conveyance was made, but the inference as to such use is clear from the foregoing facts. They are sufficient to sustain the plaintiff's bill. When land is sold bounded by a private alley, which alley is in fact opened and used at the time the conveyance is made, and the alley is convenient or necessary to the premises sold, unless there is something in the conveyance restricting the use solely to the grantor or expressly excepting the alley from the grant, the right to use it passes with the conveyance and becomes appurtenant to the property.

There is no serious question over the right of the plaintiff to have equitable relief. Our case of Andreas v. Steigerwalt, 29 Pa. Superior Ct. 1, is ample authority.

The assignments of error are sustained, the decree is reversed, the bill reinstated, and a procedendo awarded.