## Rhoads, Appellant, *v.* Walter.

*Deeds—Boundaries—Call for private alley—Use of alley.*

Where land is sold bounded by a private alley, which alley is in fact opened and used at the time the conveyance is made, and the alley is convenient or necessary to the premises sold, unless there is something in the conveyance restricting the use solely to the grantor or expressly excepting the alley from the grant, the right to use it passes with the conveyance and becomes appurtenant to the property.

Argued March 4, 1918.   Appeal, No. 21, March T., 1918, by plaintiff, from decree of C. P. Columbia Co., Sept. T., 1914, No. 1, dismissing bill in equity in case of William B. Rhoads v. Henry W. Walter and C. A. Kleim, executor of Henry Kleim, deceased.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Reversed.

Bill in equity for an injunction.
See Rhoads v. Walter, 61 Pa. Superior Ct. 43.

*Error assigned* was decree dismissing the bill.

*R. W. Archbald,* with him *L. E. Waller* and *C. W. Miller,* for appellant.

*H. Montgomery Smith,* with him *R. R. John,* for appellee.

OPINION BY KEPHART, J., July 10, 1918:

The common grantor owned two adjoining lots fronting on East street and extending to Fourth street. When he sold the appellees' lot he conveyed a right-of-way or alley along the rear, ten feet in width and twenty feet in length. It is not contended that the right-of-way as conveyed was an exclusive one. The grantor still retained the right to use the alley as appurtenant to the lot remaining in his possession. Even if there had been a fence enclosing it, that would not divest him of his right or title therein. He subsequently sold the remaining piece of land and the question for our consideration is, what did the grantor intend to convey when he parted with the title to this land? Was it his intention to reserve in himself the fee and the use of the alley though he owned no land adjoining it, and deprive the grantee of the second lot from any use of it? When the case was here before we said: "When land is sold bounded by a private alley, which alley is in fact opened and used at the time the conveyance is made, and the alley is convenient or necessary to the premises sold, unless there is something in the conveyance restricting the use solely to the grantor or expressly excepting the alley from the grant, the right to use it passes with the conveyance and becomes appurtenant to the property." The grantor subsequently conveyed the fee to the alley to the owner of the lot first sold. This owner closed it with boxes and rubbish and refused the appellant access to it. From an examination of the evidence there was sufficient for the court below to find that the alley was in use as an alley at the time the conveyance was made and it was necessary and convenient to the piece of land now owned by the appellant. It was used before he purchased it, and while it was in the possession of the grantor a water line was laid through the alley into the lot now owned by the appellant. The appellees' predecessors in title, without complaint, used the alley in common with the appellant for a number of years. A part of his ground would be

25, (1918).]                    Opinion of the Court.

useless if the alley were now closed to him. The legal principles governing this case were referred to in Rhoads v. Walter, 61 Pa. Superior Ct. 43, and the court below should have granted the relief prayed for.

The decree of the court below is reversed and the record is remanded with direction that the bill be reinstated and that the relief as therein prayed for be granted.