DWIGHT B. BAKER et al., Respondents, *v.* CHARLES HART et al., Appellants.

Where an instrument, termed a lease, gave to the lessee "the sole and exclusive right of entering in and upon the lands * * * for the purpose of quarrying, cutting, crushing and removing stone, for the term of ten years * * * but not to hold possession of any part of said lands for any other purpose," *held*, that it gave to the lessees no title to the stone, save to so much thereof as they should quarry and remove within the term specified; that what they did not quarry and sever from the land remained the property of the owner of the fee; and that, therefore, the lessee could not maintain an action to recover the value of stone unlawfully quarried and taken from the land by a third person.

*It seems*, that in such case the trespass would be an infringement upon the rights of the lessees for which they could recover such damages as they could show they had, in fact, sustained.

The doctrine that a tenant for life or years is bound to answer to the owner for any waste, even though it be the act of a stranger, applies only where an actual tenancy exists, giving the lessee the right of possession, not where a mere incorporeal hereditament is transferred.

Where, as in this case, the lessor retains the right to and remains in possession, the lessee incurs no implied obligation to protect the premises from trespassers, and is liable only for his own acts.

*Baker* v. *Hart* (52 Hun, 363), reversed.

(Argued October 13, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made the second Monday of February, 1889, which affirmed a judgment in favor of plaintiffs entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the facts so far as material, are stated in the opinion.

*Jesse Johnson* for appellants. The plaintiffs fail to show any ownership of the granite blocks in question. (*Grubb* v. *Bayard*, 2 Wall., Jr, 81; 2 Washb. on Real Prop. 376; *Doe* v. *Wood*, 2 B. & A. 724, 738; *Clement* v. *Youngman*, 40 Penn. St. 341; Bainbridge on Mines, 266.) If the trespass of the defendants was accidental, inadvertent, or anything less than the deliberate purpose to appropriate the property of another, the plaintiffs have no right to the value added by the labor of the defendants and the transporting of car loads of heavy granite from a mountain quarry to the city of New York. (*Railway* v. *Hutchins*, 32 Ohio St. 571; 37 id. 282; *Lee* v. *Matthews*, 10 Al. 682; *Whitney* v. *Beckford*, 105 Mass. 267; *Hilton* v. *Woods*, L. R. [4 Eq.] 432, 440; *Morgan* v. *Powell*, 3 Ad. & El. [N. S.] 278; *Wood* v. *Morewood*, Id. 441; *Martin* v. *Porter*, 5 M. & W. 351; *Forsyth* v. *Wells*, 41 Penn. St. 291; *Herdic* v. *Young*, 55 id. 176; *Coleman's Appeal*, 62 id. 252; *B. C. Co.* v. *Cox*, 30 Md. 1; *Goller* v. *Fett*, 30 Cal. 482; *S. I. Co.* v. *C. I. Co.*, 102 Mass. 80; *United States* v. *Magoon*, 3 McLean, 171; *Heard* v. *James*, 49 Mass. 236; *Weatherbee* v. *Green*, 22 Mich. 311; *Silsbury* v. *McCoon*, 3 N. Y. 378; *W. Co.* v. *United States*, 106 U. S. 432; *Livingstone* v. *R. C. Co.*, L. R. [5 App. Cas.] 25; *C. C. M. Co.* v. *Moses*, 15 Lea, 300; *F. Coal Co.* v. *McMillan*, 43 Md. 549.; *E. S. M. Co.* v. *Parks*, 14 Blatch. 411; *Single* v. *Schneider*, 30 Wis. 570; 3 Wait's Act. & Def. 394; *Ward* v. *Benson*, 31 How. Pr. 411, 419.)

*Alexander B. Butts* for respondents. The plaintiffs' right to bring and maintain this action was perfect. (*Austin* v. *H. R. R. Co.*, 25 N. Y. 340, 343, 344; *Cook* v. *C. T. Co.*, 1 Den. 91.) It was proper to allow the plaintiffs to show the value of the stone after the defendants had taken them from the quarry and had got them to the Harlem bridge. (*Brown* v. *Sax*, 7 Cow. 95; *Rice* v. *Hollenbeck*, 19 Barb. 664; *Silsbury* v. *McCoon*, 3 N. Y. 379.)

FINCH, J. The complaint in this action alleged that the plaintiffs were the lessees of a lot of land containing twenty-five acres; that under said lease, they had the sole and exclusive right of entering upon the leased land for the purpose of quarrying, cutting, crushing and removing stone therefrom; that the defendants wrongfully entered upon the premises and quarried stone belonging to the plaintiffs, and had converted the same to their own use; and that the plaintiffs had thereby suffered damage which they claimed to recover.

Upon the trial, the plaintiffs produced their lease from the owner of the land. It gave to them " the sole and exclusive right of entering in and upon the lands   *   *   *   for the purpose of quarrying, cutting, crushing and removing stone for the term of ten years   *   *   *   but not to hold possession of any part of said lands for any other purposes." Other provisions were in accord with the right conveyed and limited and bounded the plaintiffs' use. The lease, therefore, did not transfer the land, but gave to the plaintiffs an incorporeal hereditament, a right to take stone from the land which became theirs only upon its actual severance. What they should quarry and remove within the restricted time became theirs, but what they did not quarry out and sever from the land remained the property of the owner of the fee. (*Grubb* v. *Bayard*, 2 Wall., Jr., 81; *Doe* v. *Wood*, 2 B. & Al. 724; *Clement* v. *Youngman*, 40 Penn. St. 341; *Caldwell* v. *Fulton*, 31 id. 480; *Arnold* v. *Stevens*, 24 Pick. 106.)

A right to take all the stone on the land without restriction in time or quantity, might readily be held to transfer its ownership, but I have found no case which asserts such entire and complete title in the lessee where there was merely a right to mine or quarry restricted and limited by time or quantity. In such a case, all of the stone on the premises does not pass to the lessee, but only such and so much as within the boundaries of his right he cuts and quarries.

The defendants were of course trespassers. They entered upon the premises without right and cut and carried away a quantity of stone. The plaintiffs, under objection, were allowed

to prove the value of the stone and to recover that value on the theory that they owned it. But they did not. Their lease gave them no title to it. They did not cut or quarry it, and the ownership remained in their lessor. Undoubtedly, the act of the defendants was an infringement of their rights, for which they could recover such damages as they in fact sustained. But they proved none. If the limits of their lease would have exhausted all the stone on the twenty-five acres, then certainly they would have lost the value of what was wrongfully removed; but if the supply was such that there remained for them all and more than they could quarry or remove they at least lost no stone which they were entitled to have, for enough remained to fully satisfy their entire right. The injury in such case would fall upon the lessor whose property had been taken.

It may be that the lessees were in some manner or to some extent injured by the trespass of the defendants, although stone enough remained to satisfy the exigency of their contract. We do not know how that may be in the absence of proof and, therefore, may prudently refrain from any suggestions about it. It is enough for present purposes that the plaintiffs established no ownership of the stone and no right to recover its value as owners, and so the judgment rendered was erroneous.

But it is sought to be sustained on another theory. The doctrine is invoked that tenant for life or years is bound to answer to the owner for any waste committed, even though it be the act of a stranger. Such is undoubtedly the rule. (*Cook* v. *Champlain Transportation Co.*, 1 Den. 91, 104.) But it applies to the case of a tenancy. It proceeds upon the ground that the leased premises have passed into the possession of the tenant, so that an entry, unless under some special reservation, by the lessor himself, would be a trespass. The latter cannot protect the premises, because for the time being he has parted with the possession and entrusted it to the lessee, and the latter having become the custodian and possessor of the land, comes under an implied obligation not

to commit waste upon it, and not to permit others to do so. But the rule and its reason are alike inapplicable where not an estate but a mere incorporeal hereditament is transferred. Here the owner remained in possession and conveyed not his land but an easement in it, and could protect his own possession against trespassers like the defendants. The plaintiffs covenanted to conduct their operations in a workmanlike manner, and without needless waste or injury, and so became liable for their own acts, but beyond this they incurred no implied obligation to protect the premises from trespassers and were in no manner made its guardians. The lessor remained in possession and had as clear a right to sue the defendants for the trespass as if he had never given an easement to the plaintiffs.

And so I discover no ground upon which the plaintiffs can be deemed owners of the stone, and, therefore, entitled to its value. Their exclusive right has been invaded, and if thereby they have suffered substantial damage, they must establish it by their proof. If they can show none, they may at least be entitled to nominal damages in vindication of their right.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.