BUTLER v. McGORRISK et al.

(Circuit Court of Appeals, Eighth Circuit. March 3, 1902.)

No. 1,633.

MINES AND MINING—CONVEYANCE OF COAL—CONSTRUCTION OF DEED.

A deed conveyed "all the coal and the right to mine and remove the same" under lands described, and further provided that the grantee "is to mine and remove said coal by May 1, 1891, and no coal is to be mined after that date. By accepting this conveyance, the grantee agrees to mine and remove said coal by May 1, 1891." *Held*, that the legal effect of said deed, construing its provisions together, was to convey all the coal in the land which the grantee should mine and remove by the time limited, and no more.

In Error to the Circuit Court of the United States for the Southern District of Iowa.

On the 2d day of July, 1887, Redhead and wife made a deed to E. K. Butler, the plaintiff in error and plaintiff below, which reads as follows: "Know

all men by these presents: That Wesley Redhead and Annie S. Redhead, his wife, of Polk county and state of Iowa, in consideration of the sum of thirty-five hundred dollars ($3,500) in hand paid by E. K. Butler, of Cook county and state of Illinois, do hereby sell and convey unto the said E. K. Butler, all the coal and the right to mine and remove the same under the following described premises, situated in the county of Polk and state of Iowa, to wit: The north half (½) of lot twenty (20), lot twelve (12), and all that part of lot ten (10) lying south of the extension of the south line of lot two (2), all said real estate lying in the official plat of section sixteen (16), township seventy-eight (78) north, range twenty-four (24) west of the 5th P. M., Iowa. The grantor warrants that no coal has been taken from under lot twelve (12) or from under the north half of lot twenty (20), and said Butler is to mine and remove said coal by May 1, 1891, and no coal is to be mined after that date. By accepting this conveyance, the grantee agrees to mine and remove said coal by May 1, 1891. And I hereby covenant with the said E. K. Butler that I hold the coal under said premises by good and perfect title, that I have good right and lawful authority to sell and convey the said coal, that the coal thereunder is free and clear of all liens and incumbrances whatsoever. And I covenant to warrant and defend the coal so conveyed under said premises against the lawful claims of all persons whomsoever." On the same day Redhead and wife, for the consideration of $20,-000, conveyed to the Clifton Heights Land Company certain lands, among which were the lands described in the deed to Butler. This deed, after describing the lands conveyed, contains this exception: "Except all the coal being and lying under the following described land, to wit: The north half of lot twenty (20), lot twelve (12), and all of that part of lot ten (10) lying south of the extension of the south line of lot two (2), all of said real estate being and lying in the official plat of section sixteen (16), township seventy-eight (78) north, of range twenty-four (24) west of the 5th P. M., Iowa, with the privilege to remove said coal until the first day of May, 1891, per deed made to E. K. Butler, July 2, 1887." Subsequent to the 1st day of May, 1891, the defendant, the Clifton Heights Land Company, or the defendants who were its grantees, mined and removed coal underlying the lands described in the deed from Redhead and wife to Butler, and thereupon Butler brought this action to recover the value of the coal so mined and removed, claiming to be the owner of the same under the deed of Redhead and wife to himself. The defendants, in their answer, admitted they had mined and removed the coal, but that they did so subsequent to the 1st day of May, 1891, and set out the deed from Redhead and wife to Butler, and alleged that by the terms thereof the plaintiff had no right, title, or interest in the coal after that date. The plaintiff interposed a demurrer to this answer, which was overruled, and the plaintiff electing to stand on his demurrer, final judgment was rendered for the defendants, and the plaintiff sued out this writ of error.

N. T. Guernsey, for plaintiff in error.
C. C. Nourse, for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The single question in this case is: Did the plaintiff, under the provisions of the deed from Redhead and wife to himself, have any right to the coal under the land after the 1st day of May, 1891? The deed conveys "all the coal and the right to mine and remove the same" under the lands described, and declares that "said Butler is to mine and remove said coal by May 1, 1891, and no coal is to be mined after that date. By accepting this conveyance, the grantee agrees to mine and remove said coal by May 1, 1891."

The language of the deed is clear and unambiguous. It can have but one meaning, either to the lay or professional mind, and that meaning is that Butler's right to mine the coal in the land, as well as the right to the coal not mined on the 1st day of May, 1891, terminated on that day. The explicit language of the deed is, "No coal is to be mined after that date." It is unreasonable to suppose that Butler bought coal which he agreed never to mine. He was guilty of no such absurdity. No court would place such a construction on the deed unless its language compelled it. The plain language of the deed refutes such a construction. The coal that he bought was, not all the coal under the land, but the coal that he should mine up to the day his right to mine the coal in the land was terminated by the terms of the deed. The right to the coal and the right to mine it are, by the terms of the deed, indissolubly linked together, and expired together. The legal effect of the deed, when its several clauses are taken and construed together, as they must be, was to convey to Butler all the coal in the land which he saw proper to mine and remove up to the 1st day of May, 1891, and no more. The right to mine and remove the coal is the very substance of this contract. A limitation upon that right is necessarily a limitation upon the coal conveyed, for the coal conveyed is of no use or utility to the purchaser without the right to mine and remove, and there can be no implied right to mine and remove the coal where the right is express and the limitation is expressly put upon the right. Barring. & A. Mines, p. 26; Baker v. Hart, 123 N. Y. 470, 25 N. E. 948, 12 L. R. A. 60; Austin v. Mining Co., 72 Mo. 541, 37 Am. Rep. 446; Knight v. Iron Co., 47 Ind. 105, 17 Am. Rep. 692; Perkins v. Stockwell, 131 Mass. 529; Pease v. Gibson, 6 Greenl. 81; White v. Foster, 102 Mass. 375. This construction gives effect to the obvious intention of the parties to the deed. No technical rule of law or construction can be admitted to subvert this fundamental and paramount rule.

The judgment of the circuit court is affirmed.