Thomas Chappel, *Appellant,* v. William Foster,
*Appellee.*

No. 17,663.

SYLLABUS BY THE COURT.

Lease — *Mining — Breach by Lessor —.Nominal Damages.* A
lessee who has the exclusive right to conduct mining opera-
tions upon a tract of land for a stated period can not recover
more than nominal damages from one who has wrongfully
removed a part of the mineral, where it appears that he
would not within the life of his lease have reached the mineral
so wrongfully taken.

Appeal from Osage district court. Opinion filed
May 11, 1912. Affirmed.

*A. M. Harvey,* and *J. E. Addington,* for the appellant.

*Thomas M. Lillard,* for the appellee.

The opinion of the court was delivered by

Mason, J.: Thomas Chappel had a twenty-year min-
ing lease on a tract of coal land, which gave him the
exclusive right to mine the coal for that period, paying
a royalty to the owner. The lessee of a neighboring
tract extended his operations into that controlled by
Chappel, and took out a considerable quantity of coal.
Chappel sued William Foster, the owner of the tract on
which the other mine was located. He was denied re-
lief and appeals.

Although a lessee who has an exclusive right to con-
duct mining operations is not the owner of the mineral
in place (*Gas Co. v. Neosho County,* 75 Kan. 335, 89
Pac. 750), there are cases holding that he can maintain
an action against one who wrongfully removes a part of
it (*Attersoll v. Stevens,* [Eng.] 1 Taunt. 183; *Cham-*
*berlain v. Collinson,* 45 Iowa, 429; *Mining Co. v. Mining*
*Co.,* 93 Mich. 90, 53 N. W. 4, 32 Am. St. Rep. 488;
*Ecclesiastical Commissioners for England v. North*
*Eastern Railway Co.,* [Law Rep. 1876] 4 Ch. Div. 844,

47 L. J. Ch. 20; *Meeks v. Mining Co.*, 141 Mo. App. 648, 124 S. W. 1084). These cases seem to assume the sustaining of a substantial loss by the lessee, and deal mainly with the technical question whether he has such a standing in law that he may demand compensation for it. In cases where that feature of the matter has been specifically considered it has uniformly been held that the lessee can recover only nominal damages unless he shows that he actually was injured by reason of the wrongful taking of the mineral. (*Baker et al. v. Hart et al.*, 123 N. Y. 470, 25 N. E. 948, 12 L. R. A. 60; *Arnold v. Bennett*, 92 Mo. App. 156; *Providence Min. & Mill. Co. v. Nicholson*, 178 Fed. 29.) *Meeks v. Mining Co.*, 141 Mo. App. 648, 124 S. W. 1084, distinguishes *Arnold v. Bennett*, 92 Mo. App. 156, on the ground that in the earlier case the contract amounted only to the grant of a license, while in the later it was in strict terms a lease. The distinction is elaborated in cases collected in 18 L. R. A. 492, and 26 L. R. A., n. s., 614. Regardless of the term applied to such an instrument as that here involved, we think the plaintiff should not be allowed to recover anything more than compensation for any actual loss occasioned to him by the taking of the coal. He testified that during the life of his lease he would have mined the particular coal wrongfully taken, that he would have exhausted all of the coal in the tract, and that he was injured both by reason of the loss of the profit he would have made upon the coal, and by reason of the expense he had incurred in making entries and roadways that were rendered useless. Upon cross-examination he so far qualified his statements as to make it a fair matter for the determination of the court whether in fact he had suffered any material injury. No special findings were made, and it must be presumed in support of the judgment that the court found against the plaintiff on this issue.

The judgment is affirmed.