## Strunk et al., Appellants, *v.* Morris Run Coal Mining Co.

*Deed—Reservation of timber and bark—Reservation of coal and minerals—Right to enter and remove—Expiration of time.*

1. Where the grantor of land reserves the merchantable timber and bark, and coal and other minerals upon or in the land, with the right to enter upon the land within a specified period and remove the timber, bark, coal and other minerals, and he does not enter and remove the timber and bark within the term, they pass to the owner of the soil.

2. So far as the minerals are concerned a different rule applies, as they are an absolute excepted estate and do not pass by the grant.

3. The grantor remained owner of the coal and minerals after the specific period terminated, and could remove them thereafter by any means or system which did not require passage over the surface.

Greek v. Wylie, 266 Pa. 18, distinguished.

Argued May 2, 1921. Appeal, No. 463, Jan. T., 1921, by plaintiffs, from order of C. P. Tioga Co., Sept. T., 1919, No. 198, refusing to take off nonsuit, in case of Peter Strunk et al. v. Morris Run Coal Mining Co. Be-

fore FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Ejectment for land in Hamilton Township. Before BOUTON, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

At the trial, the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was order refusing to take off nonsuit, quoting it.

*Howard F. Marsh* and *Frank S. Hughes,* with them *Andrew B. Dunsmore, Paul J. Edwards, Francis E. Watrous* and *Thomas A. Crichton,* for appellants.—In cases where a real doubt exists as to the extent of a grant, the doubt is to be resolved against the grantor, especially if the instrument was drawn by or for him: Advance I. S. Co. v. Eagle M. C. Co., 267 Pa. 15; Algonquin Coal Co. v. Coal Co., 162 Pa. 114.

A lease of all the coal in, under and upon a tract of land, with the unqualified right to mine and remove the same, is a sale of the coal in place, and operates as a severance of the coal from the surface, and this notwithstanding a term is created within which the coal is to be taken: Millard, Exr., v. R. R., 240 Pa. 234; Montooth v. Gamble, 123 Pa. 240; Hutton v. Gas Co., 51 Pa. Superior Ct. 376; Saltonstall v. Little, 90 Pa. 422; Butler v. McGorrisk, 114 Fed. R. 300.

One who holds coal under an exception out of a grant has no higher or stronger title than one who holds by conveyance in a grant: Lillibridge v. Coal Co., 143 Pa. 293.

*F. W. Wheaton,* with him *Edmund E. Jones* and *David Cameron,* for appellee.—There is no presumed limitation upon the fee ownership of the coal, as that it must be removed within reasonable time, or upon notice.

By such a conveyance no interest in the coal, or any part of it, passes to the grantee: Benson v. Miners Bank, 20 Pa. 370; Whitaker v. Brown, 46 Pa. 197; Lillibridge v. Coal Co., 143 Pa. 293; Boults v. Mitchell, 15 Pa. 364.

OPINION BY MR. JUSTICE FRAZER, July 1, 1921:

Plaintiff received title to one hundred and thirteen acres of land in Hamilton Township, Tioga County, by deed containing the following provision: "Excepting and reserving from this conveyance all the merchantable timber and bark upon and all the coal and other minerals upon or in said tract or parcel of land together with the right of the party of the first part or its successors to enter upon said lands at any time within twenty years from the date hereof for the purpose of removing timber and bark and said coal and other minerals." Defendant is the owner of the excepted property included in the reservation. No entry on the land was made by defendant for the purpose of mining coal until four months immediately preceding the expiration of the twenty-year term. At the end of the term plaintiff claimed the right to prevent further entry and commenced this action of ejectment to determine the question of title to the minerals. The court below entered a nonsuit and from the refusal to take it off plaintiff appealed.

Plaintiff's contention is that, although defendant possessed the right to enter on the surface of the land at any time during the twenty-year term, for the purpose of removing the timber, bark and minerals, after the expiration of that period the right terminated, and title to the coal, as well as the timber and bark, became vested in him. On the other hand, defendant, though conceding the right to enter by or over the surface for the purposes stated was lost, contends title to the minerals remained in it subject to be removed in any other manner than by passage over the surface, for example, by entry under the surface from adjoining property. A clear distinction exists between the effect of the clause in question

as applied to the timber and bark and its effect on the coal. The former is attached to the freehold conveyed to plaintiff, subject to the reservation of a right to enter and remove the same within the time stated. If not so removed the right was lost and the timber and bark passed with the grant of the soil to which they were attached: Saltonstall et al. v. Little, 90 Pa. 422. So far as the minerals are concerned, however, a different rule applies. Minerals have long been the subject of transfer and sale as a separate estate, apart from the surface: Webber v. Vogel, 189 Pa. 156. The owner of each has the right to exercise with respect thereto all incidents of his ownership in the same manner as over other property he may possess, subject, of course, to the duty of such support as the owner of the coal owes to the owner of the surface, in the absence of a waiver of that duty. Accordingly, the clause "excepting and reserving" the coal and other minerals constituted a severance of the surface from the minerals and an exception from the property conveyed. It was not a mere reservation to be exercised, if at all, within the time limited, as in the case of the right to remove the timber, but an absolute excepted estate and did not pass by the grant. While the right to remove the coal by passage over the surface of the property was lost by the expiration of twenty years, the loss of such right did not have the effect of passing title to property the owner of the surface never possessed. The owner of the coal remained its owner with all the incidents of ownership, including the right to remove it by any means or system which did not, after the expiration of twenty years, require passage over the surface. The case is distinguished from Greek v. Wylie, 266 Pa. 18, and Butler v. McGorrisk, 114 Fed. 300, there being in each of these cases an expressed provision in the conveyance of the minerals requiring that they be mined within a specified time. In other words, a limitation of time was annexed to the grant itself. Here no title to the coal passed to plaintiff. His right extended merely to

prevent use of the surface for removing the coal after the expiration of the term stated. He has no power to prevent the owner of the coal from removing it in any other manner.

The judgment is affirmed.