O'Donnell, Appellant, *v.* Morris Run Coal
Mining Company.

Argued May 13, 1935.  Before SIMPSON, KEPHART,
SCHAFFER, MAXEY, DREW and LINN, JJ.

*Thomas F. Murphy,* for appellant.

*P. F. O'Neill,* with him *G. Mason Owlett, S. W. Rhoads* and *F. W. Wheaton,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 29, 1935:

This is an action in trespass to recover treble damages for the alleged unlawful mining of coal. The court below, sitting without a jury, found that plaintiff did not have title to the coal, and entered judgment for defendant, from which plaintiff appeals.

Appellant claims title to the coal by virtue of a deed from Joseph Swincikoski and wife, which contains the following recital: "and being the same premises conveyed to the said Joseph Swincikoski by deed from the Tioga Improvement Company, dated the first day of February, 1898 [giving its place of record] and this conveyance is made subject to the reservation contained in said deed, which reservation is as follows: 'The said improvement company reserves for itself and for its lessee, or either of them, or their successors the right to remove from the above described lands all the merchantable timber and the bark and for that purpose to go upon said lands at any time prior to February 1, 1902; and the said company also reserves as aforesaid all the coal and other minerals and the right to enter upon said premises and remove the same at any time within twenty years following the date hereof.' "

Defendant mined out at least 18,054 tons of coal after the expiration of the twenty-year period and within six

years prior to suit brought, and in doing so, he did not go upon the surface of the land, but removed the coal through old subterranean workings on adjoining property. Defendant claims ownership of the coal as successor in title to the Tioga Improvement Company.

It is conceded that if the reservation operated as an exception from the deed to plaintiff's grantor of all the coal underlying the property conveyed to him, defendant had a right to mine it through subterranean passages, although its right to go upon the surface for that purpose had expired on February 1, 1918.

The court below concluded that the decision of the case turns upon the words "as aforesaid." Plaintiff admits that without these words he would have no case. These words must be given application to some antecedent expression and we think, in agreement with the trial judge, that "reserves as aforesaid" implies "reserves *for itself, and its lessee, or either of them, or their successors, all the coal and other minerals,* and the right to enter upon said premises and remove the same at any time within twenty years following the date hereof." That is to say, the reservation of the coal was absolute; the right of surface entry was limited to twenty years. The language would naturally be read and understood in this way rather than in the way the plaintiff suggests. His construction would cause it to be read, "and the said company also reserves *for itself, its lessee, or either of them, or their successors, the right to remove from the above described lands* all the coal and other minerals and the right to enter upon said premises and remove the same at any time within twenty years following the date hereof." As pointed out by the learned trial judge, such construction is a redundant reservation of "the right to remove" and also of "the right to enter . . . and remove."

The trial judge also properly concluded that when the language is tested by the rules of grammar, the meaning is that which he gave it. He says: "We find a compound

sentence of two clauses—the subject of the first clause is 'The said improvement company'; the subject of the second clause is 'said company.' The verb in the first clause is 'reserves'; the verb in the second clause is the same. The object of the verb in the first clause is 'the right to remove . . . the timber'; and the object of the verb in the second clause is 'all the coal.' The verb in the first clause is modified by the adverbial phrase, 'for itself and for its lessee, or either of them, or their successors'; the verb in the second clause is modified by the adverbial phrase, 'as aforesaid.' These words, therefore, relate to and modify the effect of the verb. They do not relate to or modify the object of that verb. It would be a highly strained and ungrammatical construction to permit the second adverbial phrase to supply not only the first adverbial phrase to which it evidently refers, but also to supply and add to the object of the second clause a portion of the object of the first clause."

Since this construction is required by a grammatical analysis of the sentence, there can be no question as to its meaning. Strunk v. Morris Run Coal Mining Co., 271 Pa. 148, is decisive upon that point. In that case, where the language of the deed was very similar, we said (page 151), "Accordingly, the clause, 'excepting and reserving' the coal and other minerals constituted a severance of the surface from the minerals and an exception from the property conveyed. It was not a mere reservation to be exercised, if at all, within the time limited, as in the case of the right to remove the timber, but an absolute excepted estate and did not pass by the grant. While the right to remove the coal by passage over the surface of the property was lost by the expiration of twenty years, the loss of such right did not have the effect of passing title to property the owner of the surface never possessed. The owner of the coal remained its owner with all the incidents of ownership, including the right to remove it by any means or system which did not, after the expiration of twenty years, require passage over the

surface." Since the meaning of the sentence is thus plain and clearly apparent, the rule that language in a deed making an exception or reservation out of the estate conveyed is to be construed most favorably to the grantee, does not apply: Richardson v. Clements, 89 Pa. 503.

After starting this trespass action, plaintiff, as ancillary to it, filed a bill of discovery, the purpose of which was to ascertain the amount of coal which defendant had removed and other information which he thought necessary to prepare his statement of claim. In that proceeding, heard by another judge (Judge HOWARD F. MARSH), the court considered the question of title to the coal and was of opinion that it was vested in plaintiff, who now argues that this determination is res judicata in the trespass action. This could not be. The action at law involving the question of title had been brought and was pending. Discovery was but an incident to it and the fundamental question of title was not in issue in this merely ancillary proceeding. "The legitimate function of discovery is to furnish evidence; it is not the source of jurisdiction. Discovery cannot extend equitable jurisdiction to causes otherwise cognizable solely at law": Williams v. Finlaw, Mueller & Co., 292 Pa. 244, 248. "If the bill exhibit a proper case for discovery, the defendant therein cannot, by his answer, require proof of the main fact in controversy between the parties as an essential preliminary to the discovery sought. Were it otherwise, the limited jurisdiction invoked by the plaintiff in the bill would be at once extended so as to require of a court of equity, in a purely ancillary proceeding, the determination of the main question involved, and thus the judgment of the law court, in which the action had been begun, would be forestalled": Lesser v. Henry, 50 Pa. Superior Ct. 440, 443. See also Sherwood Bros., Inc., v. Yellow Cab Co., 283 Pa. 488, at pages 491, 492.

The judgment is affirmed.