566 A.2d 905

Clarence W. MOORE, Petitioner,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF
ENVIRONMENTAL RESOURCES, Respondent.

Commonwealth Court of Pennsylvania.

Argued June 9, 1989.

Decided Nov. 17, 1989.

Kenneth F. Yates, with him, Terry Bossert, McNees, Wallace & Nurick, Harrisburg, for petitioner.

Martha R. Smith, Asst. Counsel, Harrisburg, for respondent.

Before CRUMLISH, Jr., President Judge,* and BARRY and McGINLEY, JJ.

## OPINION

BARRY, Judge.

Clarence W. Moore (Moore), petitioner, seeks our review of an order of the Board of Property which denied his claim of title to a mineral estate in an 18,780 acre tract situated in Lycoming County (described by warrants listed in Exhibits III, V and VI to the petition to the Board of Property). There is no dispute that the Commonwealth through the Department of Environmental Resources (DER) possesses title to the surface estate of the same tract. Moore, however, asserts that his possession and claim of title to the mineral estate is superior.

 We hold that Moore possesses title in fee simple absolute to a mineral estate in the tract here in issue. We, therefore, reverse.

In 1933, Central Pennsylvania Lumber Company (CPLC) conveyed to the Commonwealth a surface estate of approximately 30,000 acres of land located in Lycoming and Sullivan Counties, among which acreage is the appurtenant surface estate to the mineral estate in Lycoming County here in issue. CPLC effected a reservation of that mineral estate in this conveyance.

All of CPLC's reserved mineral estate was conveyed piecemeal to the Commissioners of Lycoming County over a

---

* This matter was argued before a panel consisting of Judge Barry, Judge McGinley, and Senior Judge Kalish. Due to the untimely death of Senior Judge Kalish, the case was submitted on the briefs to President Judge Crumlish, Jr., for his consideration as a member of the panel.

period of time between 1933 and 1938, because of CPLC's failure to pay taxes assessed against the mineral estate. In 1950, Keta Realty Company acquired the mineral estate reserved by CPLC in principal part from the Lycoming County Commissioners and the remainder from CPLC which had regained title in that other portion. When Keta's subsequent parent corporation, Astra Oil and Gas Corp., filed for bankruptcy in 1958, among the assets disposed of by the trustee was the mineral estate here in issue. The trustee devised the estate in fee simple in 1966, and through a series of conveyances between 1966 and 1983, petitioner Moore acquired 100% of the oil and gas interests and 50% of the hard mineral interests which had been owned by Astra (*i.e.* Keta).

Petitioner Moore claims title to the mineral estate through CPLC, asserting that CPLC reserved a fee interest in the minerals. The Commonwealth claims title to the mineral estate by asserting that CPLC's reservation of the mineral rights was an estate for years, terminating 50 years from the date of the 1933 conveyance. Consequently, the Commonwealth avers that the separate and distinct mineral estate ended in 1983, resulting in title reverting to the Commonwealth.

On review, we are asked to determine whether the Board properly assigned the burdens of proof. We are asked as well to determine the effect of certain tax sales occurring in the periods from 1908–1926 and from 1933–1938 on the mineral estate here in issue. Additionally, we are asked to ascertain whether the Commonwealth is estopped from asserting that the mineral interest here comprises something less than an estate in fee simple absolute because of the Commonwealth's participation in the Astra bankruptcy proceeding where this mineral interest was disposed of by the trustee as an estate in fee.

■■■ In resolving this matter, we first note that in order to prevail in an action to quiet title, plaintiff must establish title by a fair preponderance of the evidence. *Kaiser Energy v. Department of Environmental Re-*

*sources,* 113 Pa. Commonwealth Ct. 6, 535 A.2d 1255 (1988). Moreover, plaintiff has the burden of proving a prima facie title, which proof is sufficient until a better title is shown in the adverse party. *Hallman v. Turns,* 334 Pa. Superior Ct. 184, 189, 482 A.2d 1284, 1287 (1984). Furthermore, if plaintiff and defendant trace title from a common source, plaintiff thereby makes out a prima facie case, and thus defendant is called upon to prove his alleged title if he is to defeat plaintiff's apparent ownership. *Dunn v. Milanovich,* 302 Pa. 184, 152 A. 757 (1930) *see* also *Babcock Lumber Co. v. Faust,* 156 Pa. Superior Ct. 19, 39 A.2d 298 (1944).

In the instant matter, the Board of Property erred in construing the requirement that a plaintiff's need to rely on the strength of his own title and not on the weaknesses or deficiencies of defendant's title, imposed more than a duty to show his claim by a preponderance of the evidence. The Board mistakenly assigned to plaintiff-petitioner the duty to show his title by clear and convincing evidence. (Conclusion of Law # 2). Therefore, we proceed to review this matter assigning to petitioner the burden of making out his case on the standard of preponderance of the evidence presented before the Board.

We find that because petitioner and respondent claim title through a common source, namely CPLC's deed of March 28, 1933, conclusive evidence of petitioner's title on that date was shown. *Clark v. Trindle,* 52 Pa. 492, 497 (1866). We further find that since petitioner produced evidence showing a direct line of title from the reservation in the grantor created by that deed to himself, this made out a prima facie case in his favor. *Hess v. Herrington,* 73 Pa. 438 (1873). Defendant was then called upon to prove its alleged title.

We remark that the dispute about the effect of the tax sales from 1908 to 1926 is of no moment to our resolution of this dispute. In short, the Board of Property accurately determined that an unassessed mineral estate

coexisting with an unseated surface estate is subject to extinguishment by the occurrence of a tax sale of the *servient* surface estate. *See Proctor v. Sagamore Big Game Club,* 166 F.Supp. 465 (W.D.Pa.1958). Whether the severance of the mineral and surface estates was extinguished by the tax sales of the surface estate between 1908 and 1926 is of little consequence to petitioner. Crucial to petitioner's claim to title however, is the quality of CPLC's title in 1933 when it reserved the mineral estate while conveying the surface estate to the Commonwealth. Should CPLC have had defective title to the whole of the estate here in question then petitioner's prima facie case might well have been suspect. That is not the case. We conclude, as did the Board, that CPLC possessed title to the whole of the estate in land, surface and subsurface rights, *when in 1933* it made the conveyance which included the reservation of a mineral estate. Likewise, we find (and neither party contests) that, subsequent to the severance effected by CPLC's 1933 conveyance, the mineral estate was assessed for tax purposes separately and that because of CPLC's failure to satisfy its tax obligations, title to the mineral estate passed to the Lycoming County Commissioners. We also observe that none of these events reflect upon the quality of petitioner's prima facie case.

We now address the essence of the instant matter, which is to interpret the deed of March 28, 1933 so as to discern and effectuate the intention of the parties to that transaction.[1] The pertinent language for our examination is:

Also excepting and reserving unto the Grantor, its successors and assigns, all the oil, coal and gas now owned by it, the said Central Pennsylvania Lumber Company, in,

1. Realizing that a court's primary objective in construing the terms of a deed is both to ascertain and effectuate the intention of the parties, *Bethlehem Township v. Emrick,* 77 Pa.Commonwealth Ct. 327, 465 A.2d 1085 (1983) (reversed on unrelated grounds), we note our obligation to examine the language of the entire instrument, to consider the subject matter, the apparent object or purpose of the parties, and the conditions existing when the deed was executed. *Id.* We also recognize that a reservation is ordinarily construed strongly against the grantor, *Compass Coal Company, Inc. v. Commonwealth of Pennsylvania,* 71 Pa.Commonwealth Ct. 252, 454 A.2d 1167 (1983).

under and upon the aforementioned and described four parcels of ground, with the rights of ingress, egress and regress upon and over said tracts of land for and during the term of fifty (50) years from the date of conveyance, together with the use of any part of the surface in the operation, development, protection and transportation of any oil, coal and gas according to such rules and regulations as may be from time to time adopted by the Secretary of the Department of Forests and Waters, but such rules shall at all times be reasonable and in harmony with the usual methods of operating and producing oil, coal and gas.

While both parties thought the language of this deed was unambiguous, the Board found it otherwise and invited the parties to present evidence tending to clarify any ambiguity. Specifically, the Board found this language susceptible of either of the diverse interpretations presented by the parties. Petitioner claims that the language reserved in fee simple absolute the mineral estate of the Exhibits III, V and VI warrants in CPLC. The Commonwealth claims that the language reserved to CPLC a fifty year reversionary interest in the mineral estate, which allegedly expired in March 1983.

The Board ultimately accepted the Commonwealth's interpretation in preference to that of the petitioner on the basis of the extrinsic evidence presented, particularly deeds containing similar language by which DER purchased acreage from third parties, and evidence of the sale price of other property acquired by the Commonwealth. The Board dismissed case law offered by the petitioner concerning the interpretation of similar reservations by deed, and considered as inadvertent error the sale of this mineral estate as an estate in fee by a trustee in bankruptcy.

We find that petitioner's interpretation should prevail and that the Board of Property erred in not adhering to the persuasive guidance offered by our Supreme Court's decisions in *O'Donnell v. Morris Run Mining Co.*, 319 Pa. 293, 179 A. 454 (1935) and in *Strunk v. Morris Run Coal*

*Mining Co.*, 271 Pa. 148, 114 A. 519 (1921). These cases, dealing with similar language reserving mineral estates, were decided in close proximity to the execution of this deed. While the reservations effected in the *O'Donnell* and *Strunk* cases pertain in part to timber rights as well as to minerals, the analysis provided by these cases is dispositive of the interpretation in contention here.

We believe that the *Strunk* and *O'Donnell* cases make clear the meaning of the deed here in issue. For purposes of our exposition, we provide the language of the deed involved in this case side-by-side with the language in cases interpreted by our Supreme Court:

| CPL DEED 288/570 | STRUNK | O'DONNELL |
|---|---|---|
| Also excepting and reserving unto the Grantor, its successors and assigns, all the oil, coal and gas now owned by its, the said Central Pennsylvania Lumber Company, in, under and upon aforementioned and described four parcels of ground, <u>with the rights of ingress, egress and regress upon and over said tracts of land for and during the term of fifty (50) years from the date of conveyance,</u> together with the use of any part of the surface in the operation, development, protection and transportation of any oil, coal and gas according to such rules and regulations as may be from time to time adopted by the Secretary of the Department of Forests and Waters, but such rules shall at all times be reasonable and in harmony with the usual methods of operating and producing oil, coal and gas. | . . . excepting and reserving from this conveyance . . . all the coal and other minerals upon or in said tract or parcel of land <u>together with the right</u> of the party of the first part or its successors <u>to enter upon said land at any time within twenty years from the date hereof for the purpose of removing</u> . . . said coal and other minerals . . . | . . . and the said company also reserves as aforesaid all the coal and other minerals and <u>the right to enter upon said premises and remove the</u> same at any time within <u>twenty years following the date the hereof</u> . . . |

In each deed there is an exception and reservation of the mineral estate from the general grant, and in each there is a time limitation on the right to enter upon the surface estate. Because the *Strunk* court held that the terminology used there effected a complete removal of the

mineral estate from the conveyance of the surface estate without any limitation as to time, the *O'Donnell* court adopted this holding in its construction of the language in that deed. We likewise find that the terminology used in CPLC's deed effected a complete severance of the mineral estate without a time limitation. The time limitation in *Strunk* and *O'Donnell* was only applicable to the easement created for entry onto the servient surface estate. In the present action, just as in the *O'Donnell* and *Strunk* cases, we find that the limitation in time relates only to the easement. We consequently find that the right to enter upon the subject servient surface estate for the express purpose of effectuating the intent of the instrument—the exploitation of oil, coal and gas deposits—expired in March 1983 upon the conclusion of the fifty year term specified in the deed's own provisions. We further conclude that contrary to petitioner's assertion, the final clause of the deed's language does not provide for continued access to the surface estate beyond the fifty year duration of the easement. The clause reads:

> [t]ogether with the use of any part of the surface in the operation, development, protection and transportation of any oil, coal and gas according to such rules and regulations as may be from time to time adopted by the Secretary of the Department of Forests and Waters, but such rules shall at all times be reasonable and in harmony with the usual methods of operating and producing oil, coal and gas....

This provision which allows use of the surface estate in conjunction with the processes involved in exploiting the oil, coal and gas reserves not only requires that the surface estate cannot be subjected to uses inconsistent with reasonable regulations imposed by the Commonwealth but also requires a logical dependency upon a right of access and entry. Because the right to enter upon the servient estate has expired, the rights expounded in this provision must as a natural consequence have also been extinguished by the

expiration of the easement for fifty years. *See Greek v. Wylie*, 266 Pa. 18, 109 A. 529 (1920).

Since we have already determined that petitioner possesses title to the mineral estate here in issue, we need not address the remaining issue concerning the disposition of this estate by Astra's trustee in bankruptcy.

## ORDER

NOW, November 17, 1989, the order of the Board of Property, dated May 4, 1988, at No. BP–84–01, is reversed. The prayer of the petition to quiet title is granted as to the mineral estate only.