J-A33009-16
J-A33010-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| RANDY LEEPER AND CONNIE LEEPER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| WILLIAM QUEER, J.H. PORCH, JUDITH MONROE, ADMINISTRATRIX OF THE ESTATE OF JOSEPH C. MONROE, DECEASED, AND PATRICK L. MONROE, AND THEIR HEIRS, EXECUTORS, ADMINISTRATORS AND ASSIGNS, DEVISEES, GRANTEES, ASSIGNEES, LIENORS, CREDITORS, TRUSTEES OR OTHER CLAIMANTS, CLAIMING BY, THROUGH, UNDER OR AGAINST ANY OR ALL OF SAID DEFENDANTS | |
| Appellees | No. 54 WDA 2016 |

Appeal from the Order December 22, 2015
in the Court of Common Pleas of Somerset County
Civil Division at No(s): 644 Civil 2013

| RANDY LEEPER AND CONNIE LEEPER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| JAMES TINKEY, DEAN TINKEY, RALPH TINKEY, AND HAROLD TINKEY, INDIVIDUALLY AND/OR T/D/B/A TINKEY BROTHERS LUMBER COMPANY, AND/OR TINKEY BROS.; J.R. ENOS, INDIVIDUALLY AND/OR T/D/B/A PAUL BUNYAN TREE SERVICE; PAUL BUNYAN TREE SERVICE; PATRICK MONROE; JOSEPH C. MONROE; ROSALLE COTTON; EXECUTRIX OF THE ESTATE OF JOSEPH | |

J-A33009-16
J-A33010-16

A. MONROE, DECEASED; LILLIAN FAY
MONROE; EOG RESOURCES, INC.;
CROWN CASTLE USA T/D/B/A CROWN
COMMUNICATIONS; AND CROWN
CASTLE INTERNATIONAL

            Appellees              No. 100 WDA 2016

Appeal from the Order December 10, 2015
in the Court of Common Pleas of Somerset County
Civil Division at No(s): 231 Civil 2006

BEFORE:    LAZARUS, SOLANO, and STRASSBURGER,[*] JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED APRIL 18, 2017**

I respectfully dissent.

"A nonsuit is proper only if the jury, viewing the evidence and all reasonable inferences arising from it in the light most favorable to the plaintiff, could not reasonably conclude that the elements of the cause of action had been established." ***Printed Image of York, Inc. v. Mifflin Press, Ltd.***, 133 A.3d 55, 59 (Pa. Super. 2016) (citation omitted). "Furthermore, all conflicts in the evidence must be resolved in the plaintiff's favor." ***Id.***

"[I]n order to prevail in an action to quiet title, plaintiff must establish title by a fair preponderance of the evidence." ***Moore v. Com., Dep't of Envtl. Res.***, 566 A.2d 905, 907 (Pa. Cmwlth. 1989). Here, the Leepers

---

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

offered the testimony of Joseph Pergio, an expert in the field of title abstracting, that there was "no question," based upon his review of the tax and property records, that the Leepers have title to 11 acres within the 50-acre parcel William Queer owned by deed of September 10, 1883. N.T., 11/17/2015, at 62-63, 38-39. The Leepers also offered the testimony of surveyor Richard Cross. Mr. Cross offered an expert opinion as to the exact location of the 11-acre parcel, with a metes-and-bounds description, based upon his review of the site, the tax map, and other relevant considerations. *Id.* at 145-149; Leepers' Trial Exhibit 30.

Viewing this evidence in the light most favorable to the Leepers, they proved title to a specific 11-acre parcel of land and established its exact location. Accordingly, I would hold that the entry of a nonsuit was improper, and would reverse the trial court's rulings in both cases.