Per curiam.

It has been rightly agreed on all hands, that we have no jurisdiction, unless the comptroller general had under the act of 1782. The' executive powers specified in that act, must certainly be intended the civil executive. And the question here is, whether the articles were furnished by order of the executive. •
It is clear, there was no contract between the executive department and Caleb Newbold. The captains of the gallies were excusable in removing the provisions, lest they should fall into the enemies hands; but still in law it must be con *142 sidered as a tortious act. They were not authorized to do it, by the directions of their superiors. Indeed it is impossible to suppose the executive of Pennsylvania could direct them *1431 to se^ze provisions *ón Newbold’s Island, in a sister J state. Their powers did not reach thither, nor did they ever exercise jurisdiction there. But it is not pretended there was such an express authority given them.
We are fully satisfied, the legislature of Pennsylvania never meant to give the comptroller general a power to settle demands of this nature, arising from torts or wrongful acts of any of their officers. The remedy of the plaintiffs, if any of the provisions have come to the particular benefit of the state, is by application to the legislature, who have reserved these extraordinary powers to themselves. And where the property has gone to the use of the union at large, the parties must resort to congress, who will unquestionably do them justice, upon the proper proofs being made.
Verdict pro República.