On January 15, 1918, the defendant, First National Bank of Bradford, determined voluntarily to go into liquidation and constituted E. E. Lindemuth liquidating trustee. Plaintiff held eighty shares of the Bank's stock, having acquired them from W. W. Bell, which were never transferred upon the books of the Bank. On March 2, 1918, a liquidating dividend of $58.33 1/3 per share on its capital stock was declared with the option to holders to take shares in the newly formed McKean County Trust Company at the ratio of two old shares for one new. To pay those who elected to take cash in liquidation the Bank deposited some $60,000 with the McKean County Trust Company. On March 6, 1918, the Bank's cashier drew on that account a check payable to W. W. Bell as a liquidating dividend upon 313 shares of stock standing in his name upon the books of the Bank, which shares included the eighty owned by the plaintiff. Without delivering the check to Bell or securing his endorsement, the full proceeds of $18,258.33 were applied by the Bank, on April 9, 1918, in discharge of several notes on which he was liable to the Bank. In view of the fact that Lindemuth, the liquidating trustee, accounted for payment of these notes in his report to the Comptroller of the Currency of the United States, he presumably knew of this application of the Bell check.
On September 30, 1918, plaintiff made demand for the payment of the liquidating dividend due on its eighty shares, amounting to $4,666.40. Payment was refused, *Page 3 
an action at law was brought against the Bank and judgment in that amount was recovered on August 21, 1920. The plaintiff made no effort to collect this judgment, and in fact seems to have forgotten it. Almost seven years thereafter, on April 25, 1927, this proceeding for an accounting, and praying for a money decree in the amount of the liquidating dividend (the amount of the judgment) on the said eighty shares of stock owned by the plaintiff, was instituted. An accounting has been had, and has disclosed that no funds for payment of plaintiff's demand are any longer available, having been disposed of as above indicated. In view of this fact plaintiff requested that the court below decree a personal liability against the estate held by Lindemuth's executors, his death having occurred before the completion of the accounting. Because of plaintiff's laches the court below denied the relief requested. This appeal followed.
Nothing could be clearer than that plaintiff is guilty of inexcusable delay. All its loss could have been prevented had it not slept on its rights. It is now asking that the estate of E. E. Lindemuth pay to it the amount it could have recovered out of the funds from which it should have been paid; and this although the action was not instituted against Lindemuth personally, and no attempt was made in the pleadings to hold him personally responsible. It was only after the accounting showed that there were practically no funds in the hands of the liquidating agent that the plaintiff asked the court to find the Lindemuth estate liable for the amount due it.
Laches bar relief in equity whenever in the chancellor's discretion a party has by his delay disentitled himself to the unusual remedies equity affords to those who deserve them:Riley v. Boynton Coal Co., 305 Pa. 364; Kinter v. CommonwealthTrust Co., 274 Pa. 436. Plaintiff knew of its rights in 1918; indeed, it brought an action at law to enforce them. But not until 1927 was there any resort to equity. Meanwhile nothing was attempted *Page 4 
at all. The law judgment was apparently forgotten. Liquidation of the Bank proceeded. Its funds were almost entirely disbursed when the present bill was finally filed. The liquidating agent had collected and disbursed more than $100,000 in his official capacity. The object of the liquidation was to wind up the Bank's affairs with reasonable dispatch. Under the circumstances it was particularly incumbent upon plaintiff to urge its claim promptly and not delay until the Bank's funds were applied elsewhere and then ask a personal decree against the trustee's estate. It makes no difference that laches were not pleaded in defense. When the fact of laches appears in the evidence or on the face of the bill the court may in its discretion and on its own motion deny relief on that ground:Sullivan v. Portland R. R. Co., 94 U.S. 806; Calivada Co. v.Hays, 119 Fed. 202; Akley v. Bassett, 189 Cal. 625,209 P. 576; Raytheon Mfg. Co. v. Radio Corp. of America, 286 Mass. 84,190 N.E. 1; Taylor v. Slater, 21 R.I. 104, 41 A. 1001. Plaintiff cannot complain because it has been visited with the consequence of its inexcusable delay.
Decree affirmed.