Baslego *v.* Kruleskie et ux., Appellants.

Argued October 1, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*John L. Pipa, Jr.,* with him *Charles A. Ambrose,* for appellants.

*Robert V. Moser,* with him *H. F. Bonno,* for appellee.

OPINION BY FINE, J., January 8, 1948:

Amelia Baslego, appellee, filed her bill in equity against Michael Kruleskie and Mary Kruleskie, appellants, adjoining land owners, to compel removal of a wire fence obstructing a gateway, front steps, areaway and passageway between the two tracts. An answer was filed and after hearing the chancellor concluded that an easement appurtenant by implied reservation existed in favor of appellee's tract and entered a decree *nisi* granting the relief prayed for. Appellants' exceptions were dismissed, a final decree entered, and this appeal followed.

Sylvester Baslego, deceased husband of appellee, on August 1, 1907, acquired title to a tract designated as tract 7, situate on the north side of Pine Street in the Borough of Kulpmont, and during the same year built a home thereon fronting on Pine Street, which is the present residence of appellee. He acquired title to tract 8, adjoining tract 7, on May 23, 1911. On September 29, 1923, title to these two tracts was transferred to appel-

lee and her husband as tenants by the entireties. On November 13, 1925, Sylvester Baslego and appellee conveyed tract 8 to their son, Michael Baslego. The record does not show that the deed contained any express reservation of easements. In 1926, Michael Baslego built his residence on tract 8. After several conveyances, appellants became the owners of tract 8 on October 10, 1944.

The home of Sylvester Baslego was built close to the dividing line and since 1907, an areaway existed over tract 8 which was used as a means of ingress and egress to both tracts. Originally the passageway was a dirt path. Later a boardwalk was laid and finally, in 1926, the present concrete pathway was constructed. In 1907 wooden steps to the front porch of Sylvester Baslego's home, parallel with the sidewalk, led to a gate situate on tract 8. This gate was the only front entrance to the areaway and passageway. These wooden steps were later replaced by cement steps, and by a new gate. In July, 1945, shortly after appellants came into possession of tract 8, they erected a four foot high wire fence, supported by iron posts set in concrete bases. This fence extended along the property line and over the lower steps leading to the front porch of the appellee's dwelling. It continued along the passageway to the rear of the tract. This fence deprived appellee of the use not only of the way, but also of the gate and steps. Only an 18 inch space remained between the fence and appellee's home.

The sole issue is whether an easement appurtenant by implied reservation was created by severance of the two tracts. Creation of an easement by implied reservation depends upon the intention of the parties to the transaction, and is to be inferred from the circumstances under which the conveyance was made. *Philadelphia Steel Abrasive Company v. Louis J. Gedicke Sons*, 343 Pa. 524, 23 A. 2d 490; *Pennsylvania Co. v. Philadelphia*, 318 Pa. 209, 178 A. 129; *Liquid Carbonic Co. v. Wallace*,

219 Pa. 457, 68 A. 1021; *Neely v. Philadelphia*, 212 Pa. 551, 61 A. 1096. Important factors to be considered are the extent of necessity, reciprocal benefits resulting, the manner in which the land was used prior to its conveyance, and the extent to which that use was or should have been known to the parties. Cf. Restatement, Property, section 476. Where a portion of the land aliened has been subjected to user which has been open, visible, permanent and continuous, the purchaser takes either subject to a burden or benefit: *Stein v. Bell Telephone Co.*, 301 Pa. 107, 112, 151 A. 690; *Becker v. Rittenhouse*, 297 Pa. 317, 147 A. 51; *Grace Methodist Episcopal Church v. Dobbins*, 153 Pa. 294, 25 A. 1120.

The chancellor's finding, affirmed by the court *en banc*, that user had been ". . . open, notorious and continuous . . . since the year 1906" is amply supported by the evidence. Six witnesses testified that they had used the gateway, steps and passageway, as a means of ingress and egress to appellee's home, continuously since its construction. Mary Marchinski, appellee's neighbor for the last 39 years, used the gate, areaway and steps "Sometimes three times in a day, sometimes two times a day." Appellants sought to negative the open and notorious user by denying any knowledge or notice of the use of the gate, areaway and steps. His testimony is not only improbable but most incredible, particularly in view of the fact that he lived with appellee from 1921 to 1925, and with Michael Baslego, on tract 8, from 1926 to 1931. He, therefore, knew or should have known of the nature of the user.

Appellants' suggestion that use of the passageway is not "necessary" to enjoyment of appellee's land is without merit. They suggest either the use of appellee's cellar door, or entrance through her son's property situate two tracts beyond that of appellee, or that appellee could go through a rear alley way and use the rear door of her home. Not only are appellants suggestions unreasonable,

but necessity is only one factor to be considered with all other surrounding circumstances. "There can be no balancing of conveniences when such balancing involves the preservation of an established right . . .": *Sullivan v. Jones & Laughlin Steel Co.*, 208 Pa. 540, 555, 57 A. 1065. In *Heffley v. Lohr*, 149 Pa. Superior Ct. 586, 590, 27 A. 2d 275, this Court, speaking through Judge HIRT, said: "Implied easements such as these do not arise only from absolute necessity. 'How far necessity or great convenience enters into the question in cases of this class is thus stated in Phillips v. Phillips, 48 Pa. 178: "It is not to be understood by this doctrine that any temporary convenience adopted by the owner of property is within it. By all the authorities it is confined to cases of servitudes of a permanent nature, notorious or plainly visible, and from the character of which it may be presumed that the owner was desirous of their preservation *as servitudes, evidently necessary to the convenient enjoyment of the property* to which they belong": Koons v. McNamee, 6 Pa. Superior Ct. 445.'" (Italics added.)

Appellants also urge that the court below erred in not dismissing the bill on the ground that appellee is guilty of laches in not having filed her bill until seven months and ten days after the wire fence had been erected. The fact that laches were not pleaded in defense is not controlling since if ". . . the fact of laches appears in the evidence or on the face of the bill the court may in its discretion and on its own motion deny relief on that ground": *Grange National Bank v. First National Bank,* 330 Pa. 1, 4, 198 A. 321. Cf. *West v. Young,* 332 Pa. 248, 252, 2 A. 2d 745; *Good v. Queens Run Fire Brick Co.,* 224 Pa. 496, 502, 73 A. 906. Laches is not, as appellants contend, mere delay to assert a legal right, but delay that works disadvantage or injury. *Youse v. McCarthy,* 51 Pa. Superior Ct. 306, 311. Cf. *Dunbar's Estate,* 51 Pa. Superior Ct. 216, 223. A careful examination of the testimony clearly reveals that appellants, in the circumstances disclosed, have sustained no such

prejudice or disadvantage. Moreover, appellants must have been cognizant of the fact that they had, at most, a very doubtful legal right to obstruct the passageway. The delay which followed before filing of the bill is insufficient to charge appellee with laches. The appellee was not wholly inattentive of her rights as counsel was consulted. Cf. *Hartshorne v. Campbell,* 1 Yeates 142. It would have been inequitable to dismiss the bill on such ground.

It is further contended that the case be certified to the law side of the court since appellee's right to use said areaway is not clear. A defendant who desires to challenge the jurisdiction of the equity court must explicitly raise this issue and have it decided in limine and this was not done. *Tide-Water Pipe Co. v. Bell,* 280 Pa. 104, 111, 124 A. 351; *Lauderbach-Zerby Co. v. Lewis,* 283 Pa. 250, 255, 129 A. 83.

Decree affirmed, costs to be paid by appellants.