## Hoover *v.* Frickanisce, Appellant.

Argued April 10, 1951. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Gunther, JJ.

*Ward McCullough,* for appellants.

*Robert D. Noel, Jr.,* for appellees.

Opinion by Gunther, J., July 19, 1951:

William F. Hoover and Jessie Hoover, appellees, filed their bill in equity against Frank Frickanisce and Josephine Frickanisce, appellants, adjoining landowners, to compel removal of an automobile which appellants had placed in a private road or driveway, thereby obstructing the passageway. An answer was filed and after hearing the chancellor concluded that

an easement appurtenant by implied reservation existed in favor of appellees' tract and entered a decree *nisi* granting the relief prayed for. Appellants' exceptions were dismissed and a final decree entered. This appeal followed.

Harry M. Clark died on May 13, 1939, seized of a tract of several hundred acres of land situate in Parks Township, Armstrong County, Pennsylvania. On September 16, 1939, and October 17, 1941, his executors conveyed to appellants two tracts of land from one corner of the Clark farm. On February 27, 1941, and October 17, 1941, the executors also conveyed to appellees two tracts of land contiguous to the tracts of appellants. The southeasterly boundary line of appellants and appellees' tracts are bounded by a driveway which runs from an unimproved township road out to State Highway No. 03038, sometimes referred to as Airport Road. The testimony establishes, and the chancellor found, that Harry M. Clark constructed, maintained and used the private driveway in question forming an open, visible permanent servitude. Sometime in June, 1946, appellants placed an old automobile in the driveway, removed the wheels therefrom, and thereby effectively prevented appellees from the free and uninterrupted use of this private lane or driveway.

The question is whether in the circumstances disclosed by the record an easement appurtenant by implied reservation was created upon severance of the two tracts from the Clark farm. The court below concluded that such a servitude had been created and entered a decree requiring appellants to remove the obstructions in the driveway.

Whether an easement by implied reservation is created depends upon the intention of the parties to the transaction, and is to be inferred from circumstances under which the conveyance was made: *Baslego v.*

*Kruleskie,* 162 Pa. Superior Ct. 174, 56 A. 2d 377; *Philadelphia Steel Abrasive Company v. Louis J. Gedicke Sons,* 343 Pa. 524, 23 A. 2d 490; *Pennsylvania Co. v. Philadelphia,* 318 Pa. 209, 178 A. 129. The extent of necessity, reciprocal benefits resulting, the manner in which the land was used prior to its conveyance and the extent to which that use was or should have been known to the parties are important factors and circumstances to be taken into consideration. Cf. *Restatement, Property* §§474, 476. There is amply sufficient evidence to support the chancellor's findings, affirmed by the court *en banc,* that an easement appurtenant by implied reservation was created. The deeds to the appellees use the private lane or roadway as a boundary line. The deed dated February 27, 1941, to appellees contains the following description in part: ". . . for a distance of 471.69 feet to an iron peg on a 20 foot driveway; thence along said 20 foot driveway" to a point. In a clause of the same deed, the grantors granted ". . . to the parties of the second part (appellees) the right to place a drainage sewer under a 20 foot driveway which adjoins this property". In the deed to appellees dated October 17, 1941, the following description appears in part: "Thence South east through land of the grantors to a point on the north west side of a 20′ Driveway". Where, as here, descriptions in a deed refer to a driveway as a boundary which is not a highway nor dedicated to public use, the grantee does not take title in fee to the center of it, but by implication acquires an easement or right of way over the lands. *Vinso v. Mingo,* 162 Pa. Superior Ct. 285, 57 A. 2d 583; *Andreas v. Steigerwalt,* 29 Pa. Superior Ct. 1. Cf. *Rhoads v. Walter,* 61 Pa. Superior Ct. 43; *Schmidt v. Forster,* 99 Pa. Superior Ct. 545. The evidence also establishes that prior to September 1, 1939, Harry M. Clark had constructed and used this private roadway which at the time of purchase by appellants was well defined and

on the ground, and was of sufficient width to permit an automobile to travel thereon. Moreover, within a period of a little more than two months after the conveyance to appellants it was discovered that use of the private lane or driveway by appellants as it led to the Airport Road could not be obtained for the reason that passage was necessary over the property of a third party, to wit, Laurel Point Grange which consisted of a narrow strip of land lying between appellants' property and Airport Road. A right of way was thereupon purchased by appellants' grantor. As the court below aptly stated: "It is significant that this right of way was twenty feet wide, and immediately contiguous to the private lane as mentioned in the defendants' deed. It is further significant that the private lane or roadway was mentioned in the deeds to the plaintiffs as being twenty feet in width, thus indicating an intention to have in existence a driveway running past the properties" of the parties and adjacent to other lands of the common grantor.

On May 21, 1946, the surviving executrix, in order to correct a misdescription in the former deed to appellants, executed a corrective deed. In that deed it clearly recognizes that an easement existed. This corrective deed conveyed to appellants title to the center of the private lane or roadway *as the same existed on September 16, 1939.* This corrective deed contains the following description in part: "435.10 feet to an iron pin in the center of said private lane or roadway first herein mentioned, as the same existed on September 16, 1939; thence along the center line of said private lane or roadway as the same existed on September 16, 1939 . . .". In *Heffley v. Lohr,* 149 Pa. Superior Ct. 586, 27 A. 2d 275, at page 590, Judge HIRT, speaking for this Court said: ". . . where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part,

which servitude, at the time of the severance, is in use and is reasonably necessary for the fair enjoyment of the other part of the estate, then upon a severance of the ownership, a grant of the right to continue such use arises by implication of law". Cf. 17 *Am. Jur. Easements* §33. We find no errors of law.

Decree affirmed.