# Policyholders' Protective Committee, etc., et al. v. Seaboard Mutual Casualty Company et al.

*Joseph A. Palmer* and *Ralph B. Umsted,* for plaintiffs.

*I. Nathaniel Treblow* and *Abraham Wernick,* for defendants.

ALESSANDRONI, J., December 8, 1951.—Three policyholders, plaintiffs, instituted this action against defendant corporation and James A. Andrew to restrain the collection of assessments against policyholders. The bill also contains a request that defendants be required to submit their books for examination in order to ascertain what sums were disbursed

by defendant corporation to defendant Andrew, and/or alleged dummy corporations of which defendant Andrew was the sole owner, and such other relief as may be found proper by the court.

The gist of the bill is that through the machinations of defendant Andrew, who is president of defendant corporation, certain moneys have been disbursed by the corporation to various agencies of defendant Andrew, and thereby the reserves of defendant corporation have been impaired, which has necessitated an assessment of the policyholders to make up the deficiency. Plaintiffs allege that if these moneys, which were obtained by defendant Andrew and/or his dummy corporations, were returned, it would obviate the necessity of any assessment.

Defendants have filed preliminary objections, arguing that plaintiffs have an adequate remedy at law, and because of such remedy this court lacks jurisdiction; and, also, plaintiffs are charged with laches.

We consider first the bar of laches; insufficient facts have been pleaded to show laches. It is only where it is evident to the chancellor that the party has by delay disentitled himself to relief that laches will be a bar: Grange National Bank of McKean County v. First National Bank of Bradford et al., 330 Pa. 1. The application of the doctrine of laches lies in the discretion of the chancellor: Ibid. The pleadings do not show that a delay on the part of plaintiffs, if in fact there has been a delay, has worked to the disadvantage or injury of defendants. See Baslego v. Kruleskie et ux., 162 Pa. Superior Ct. 174. It is clear that the objection of laches in the instant case is premature.

We turn now to consider the other objections of defendants. Since they are mutually dependent they will be considered together. Defendant argues that since plaintiffs have failed to aver that they have sought relief before the Insurance Commissioner,

under the provisions of the Act of May 17, 1921, P. L. 789, sec. 501, et seq., as amended, 40 PS §201, et seq., there is an adequate remedy at law, and this court lacks jurisdiction because the Insurance Commissioner has supervision of all insurance companies. As will be shown, this averment was unnecessary.

The sections relied upon by defendant merely outline the duties of the Insurance Commissioner and the actions he is to take with respect to either winding up the affairs of the company or to take possession of the assets of the company. Section 501, 40 PS §201, provides for the suspension of the business of an insurance company by the Insurance Commissioner. Section 502 prescribes the procedure to be used by the Insurance Commissioner, after a preliminary finding based on one of the applicable factors set forth, to apply for the taking over or closing of the business of an insurance company. Section 503 provides for levying and collection of assessments by the Insurance Commissioner whenever an execution against a mutual company is returned nulla bona. Section 504 deals with service of process. Sections 505 and 506 deal with injunctions and decrees of liquidation by the court and the Insurance Commissioner's power to act as receiver.

A reading of the sections involved clearly demonstrates that they offer no remedy for policyholders in a dispute of this type. The action the Insurance Commissioner may take depends on what his examination discloses. The statute does not provide for a hearing of complaints made by policyholders with regard to the internal affairs of the company. Thus, if we conclude that plaintiffs have an adequate remedy at law, plaintiffs are left without a remedy.

Where the internal affairs of an insurance company are in dispute the Insurance Commissioner has no jurisdiction to enter. He has jurisdiction only insofar as is necessary for the protection of the public and/or

the creditors or policyholders. There is no allegation here that the conduct of the business of defendant corporation presents a hazard to the interests of the groups above named. Plaintiffs' allegation is that the actions of defendant Andrew are hazardous to the existence of the company. The purpose of the sections is made even clearer by the subtitle of the article of which these sections are a part, i.e., "Article V—Suspension of Business — Involuntary Dissolutions". Plaintiffs are not seeking dissolution in a court of equity, which clearly may not be done. The relief which they are seeking appertains to the internal affairs of the company and its contracts with defendant Andrew and/or the alleged dummy concerns.

Viewed from this frame of reference it is conceivable that the Insurance Commissioner could review the situation of the company and decide that there is no need to dissolve the company or suspend its business, or to take possession. Such a decision by the Insurance Commissioner does not preclude the existence of actionable facts. If this remedy, i.e., the decision of the Insurance Commissioner as to dissolution, suspension, or taking possession, is the only alternative to allowing the status quo to remain, then plaintiff is without a remedy until the affairs of the company have deteriorated to the point that the Insurance Commissioner must intervene with his drastic powers.

It must be conceded that the jurisdiction of the Insurance Commissioner is exclusive over dissolutions. But the very nature of this action is to prevent such a step from becoming necessary. An assessment has been made. From the facts alleged by plaintiff, it logically follows, if the activities of defendants continue, further assessments will probably be necessary. A point will be reached where due to the refusal of the policyholders to pay such assessments, and their subse-

quent dropping out, the business of the corporation will reach the stage where dissolution is the only solution.

From the foregoing it is clear that plaintiff has no adequate remedy at law. If he does not, then equity will take jurisdiction. For the foregoing reasons therefore we make the following

### Order

And now, to wit, December 8, 1951, the preliminary objections of defendants are dismissed, and defendants are directed to file an answer within 20 days from the date hereof.