## Pantano v. Merrick

294

*Reese Davis,* for plaintiffs.

*George W. Thompson, James L. Shea* and *James S. Kilpatrick, Jr.,* for defendant.

SWENEY, P. J., April 24, 1963.—Michael Anthony Homes, Inc., subdivided a previously undeveloped parcel of ground and erected a number of single-family dwellings thereon. Plaintiffs became the owners of the premises known as no. 186 Hillside Circle, Villanova, Pa., by deed dated December 12, 1955. Defendant became the owner of the adjoining premises known as no. 184 Hillside Circle by deed dated December 20, 1955. When plaintiffs made settlement for their property, the driveway for no. 184 Hillside Circle was not completed. In June, 1956, plaintiffs had a survey made in preparation for fencing their property and learned for the first time that part of defendant's driveway was located on their property. Thereafter, they notified defendant of the encroachment and requested that the encroaching portion of the driveway be removed.

There is no dispute of the fact that the driveway of defendant encroaches upon plaintiffs' property for a distance in length of 70 feet and a width varying from 1 foot at the southern end to approximately 5 feet at the northern end of said driveway. The only issue before us is whether defendant has sustained his contention that he acquired an easement by implication to use a portion of plaintiffs' property for part of his driveway.

Implied easements are not favored in the law. The burden is upon the party claiming such an easement

to establish by clear proof all the necessary elements: Becker v. Rittenhouse 297 Pa. 317, 325 (1929). We are convinced that defendant has failed to prove his claim to an easement by implication.

Our Supreme Court in Baptist Church in the Great Valley v. Urquhart 406 Pa. 620 (1962), set forth the elements necessary to establish an easement by implication. In that case the court, quoting from Spaeder v. Tabak, 170 Pa. Superior Ct. 392, 395 (1952), said at page 625:

" ' "To establish an easement by implication on the severance of the unity of ownership in an estate there must be (1) a separation of the title, (2) such continuous and obvious user before the separation as to show an intention to make the alleged easement permanent, (3) the easement must be necessary to the beneficial enjoyment of the land granted or retained; and (4) the servitude should be continuous and self-acting. Becker v. Rittenhouse, 297 Pa. 317, 325, 147 A. 51." ' "

While it is apparent that there was a separation of title by the common owner, Michael Anthony Homes, Inc., the record is absolutely void of any evidence to show a continuous and obvious user of the driveway prior to separation of title from which it could be inferred that the parties intended to make the alleged easement permanent. In fact, the driveway in question was not completely constructed and laid out prior to the severance of the common ownership. Furthermore, defendant's property remained unoccupied for approximately six months after plaintiffs purchased their property and the disputed driveway was not used to any extent during that period even after it was completed.

In the final analysis, the creation of an easement by implication depends upon the intention of the par-

ties to the transaction as inferred from the circumstances under which the conveyance was made: Baslego v. Kruleski, 162 Pa. Superior Ct. 174, 176 (1948); Philadelphia Steel Abrasive Company v. Louis J. Gedicke Sons, 343 Pa. 524 (1942); Restatement of Property, §476, Comment a. Here we have land developed by a builder who constructed single-family dwellings for the sole purpose of selling them to prospective purchasers. It would be unreasonable to infer that a builder and developer of new homes intended to benefit one of the properties with an easement so that an irregular shaped portion of a driveway could be located on neighbor's property where, as in the present case, it was not reasonably or evidently necessary for the convenient enjoyment of the property.

A consideration of the circumstances here involved, coupled with the fact that the disputed driveway was not completed at the time plaintiffs purchased their property so that no prior user was shown, clearly indicates that no easement was intended. It seems abundantly clear that the portion of defendant's driveway that is considered on plaintiffs' property was so located through inadvertance or mistake. In fact, an officer of the corporation who supervised the building operation so testified. That this mistake can now be rectified without materially affecting the beneficial use of defendant's property is also apparent. We therefore conclude that no implied easement was established and that the encroachment should be removed.

*Decree Nisi*

And now, April 24, 1963, it is ordered and decreed that:

1. James B. Merrick is hereby permanently enjoined from using or allowing his tenants, agents, licensee and visitors to use that portion of his driveway that en-

croaches upon the premises no. 186 Hillside Circle, Villanova, Pa.

2. James B. Merrick is hereby directed to remove forthwith that portion of his driveway that encroaches upon the premises no. 186 Hillside Circle, Villanova, Pa.

3. Defendant shall pay the costs.

The prothonotary is directed to give notice immediately to the parties or their attorneys of record of the filing of the above decree nisi and if no exceptions be filed thereto within 20 days after the service of such notice to enter, upon praecipe, the said decree nisi as a final decree.