## Klugman v. Sausman Enterprises, Inc.

*Edward J. Zamborsky,* for petitioners.
*Thomas J. Calnan, Jr.* and *Stamberg, Caplan & Calnan,* for respondent.

BACKENSTOE, *J.,* December 16, 1975—In this declaratory judgment proceeding pursuant to the Act of June 18, 1923, P.L. 840, 12 P.S. §831 et seq., petitioners seek a judicial declaration regarding respondent's alleged right to maintain a sign on a right of way owned by petitioners and leading to respondent's motel.

Petitioners and respondent own adjacent properties in Lehigh County acquired from common grantors, Michael and Mary Puchyr. On March 25, 1966, respondent's predecessor in title, Motorman's Services, Inc., acquired a portion of the Puchyr property and a "right of ingress, egress and regress" across the remaining property of the Puchyrs "to such extent as may be necessary for the grantee, [and] its successors . . . to maintain and operate a motor inn or motel." Motorman's Services, Inc. constructed and operated a motel and with the knowledge and consent of the Puchyrs erected the sign in question in the fall of 1967.

On December 3, 1968, with the sign still in place, respondent received title to the Motorman's Services property through a deed from Paul E. Henderson, sheriff of Lehigh County. This deed provided for the right of ingress, egress and regress for motel purposes as hereinbefore stated.

The Puchyrs sold the remainder of their tract to petitioners on November 17, 1971. At this time respondent's deed had been duly recorded for 68 months and the sign had been in place for approximately 49 months.

For all practical purposes the only means of access to respondent's motel is from the southbound lane of Legislative route 555, MacArthur Road, a four lane limited access road whose north and southbound lanes are divided by a medial barrier.[1] The motel itself is located at a level approximately

1. There is now another possible entrance way to the rear of respondent's property, but this route would be most difficult for anyone to use except one completely familiar with the area. It is not clear whether this route was available at the time of the original purchase.

75 feet below the road bed of MacArthur Road and at a distance of 1500 feet westward. The motel is completely obscured from the view of all traffic traveling north or south on MacArthur Road. The right of way is paved roadway leading to the motel and is immediately adjacent to and easily confused with the westbound entry ramp leading to Interstate Highway 78.

The sign in question is located completely within the right of way and is approximately 20 feet from the western right of way line of MacArthur Road. The sign gives the name of the motel and indicates the point where motel patrons are to turn off MacArthur Road to get to the motel. Neither petitioners nor respondent have title to the property on either side of the right of way in the area of the sign. Petitioners thus own only the strip of land constituting the right of way and respondent has an express right of ingress, egress and regress over the right of way for its motel business. Respondent has attempted unsuccessfully to purchase or lease space near the right of way for the placement of the sign.

Respondent argues that the right to erect and maintain the sign arises by construction or interpretation of the express easement. See for example: Sigal v. Manufacturers Light and Heat Co., 450 Pa. 228, 299 A.2d 646 (1973); 28 C.J.S., 754, §76(b) (1941).

We disagree. In our opinion, the plain wording of the easement clearly limits the usage of the land in question to "ingress, egress and regress" purposes as may be necessary for the use of a motel. This obviously does not authorize the erection of a sign. We think, however, the right to erect and maintain

such a sign does arise under the unusual facts of this case by implication.

An easement may be implied by necessity and although the rule is usually applied to rights of way (see, e.g., Soltis v. Miller, 444 Pa. 357, 282 A.2d 369 (1971)), it is not confined solely to such easements: Philadelphia Steel Abrasive Company v. Gedicke Sons, 343 Pa. 524, 23 A.2d 490 (1942); Hanna v. Hanna, 57 D.&C. 2d 80 (1972); 28 C.J.S., 695, §35; 3 Powell on Real Property §410 (1974).

For an easement of necessity to arise there must have been a unity of ownership of the alleged dominant and servient estates and the necessity must have existed at the time of the severances: Bosch v. Hoffman, 42 Pa. Superior Ct. 313 (1910); 28 C.J.S., 695, §35. The rules requiring that the easement be apparent and continuous or that the implication must arise from the use of the premises made by the common grantor have no application to easements implied by necessity: 28 C.J.S., 695, §35.

An easement of necessity never exists as a matter of convenience: Stein v. Bell Telephone Co., 301 Pa. 107, 151 Atl. 690 (1930); but absolute necessity is not required: Baslego v. Kruleskie, 162 Pa. Superior Ct. 174, 56 A.2d 377 (1948); Hanna v. Hanna, supra. "If the necessity of an easement is such that without it land cannot be effectively used, nothing less than explicit language in the conveyance negating the creation of an easement will prevent its implication." Hanna v. Hanna, supra, at p. 90; Restatement Property, §476, Comment (g) (1944). A reasonable necessity test has been adopted by a number of courts: 3 Powell on Real Property, §410, n. 33.

In addition to the degree of necessity the intention of the parties may be inferred from the terms of the grant and the res gestae of the transaction: Fitzell v. Philadelphia, 211 Pa. 1, 60 Atl. 323 (1905); Greek v. Wylie, 266 Pa. 18, 109 Atl. 529 (1920). The conduct of the parties subsequent to the grant is also a factor in determining the intent of the parties: Taylor v. Gross, 195 Pa. Superior Ct. 225, 171 A.2d 613 (1961).

At the time of the grant from the Puchyrs to Motorman's Services, the motel property was not visible from MacArthur Road and the right of way located near the entrance ramp to Interstate Highway 78 was the only practical means of access to the motel from the highway. Both parties anticipated, as evidenced by the express easement, that a motel would be built and that motel patrons would use the right of way. Both now and at the time of the sale a right to erect a sign at the location in question was and is essential to the use of the property as a motel. There is simply no question that if the sign were to be removed the respondent would have no way to direct passing motorists to the motel or even draw their attention to the fact that there is a motel.

Consequently, we find that implicit in the grant from Puchyrs to Motorman's Services there was a right to erect a sign on the right of way.

Easements by necessity and implication are created without a deed or writing and pass with the conveyance of the estate to which they are appurtenant: Predwitch v. Chrobak, 186 Pa. Superior Ct. 601, 142 A.2d 388 (1958); Vanderwerff v. Consumers Gas Company, 166 Pa. Superior Ct. 358, 71 A.2d 809 (1950); 12 P.L.E., 461 §13.

Every purchaser of land is deemed to have constructive notice of whatever is open and visible on the land whether or not the purchaser made an inspection and such a purchaser takes subject to an open and visible easement whether it is recorded or not. See for example: Randall v. Silverthorn, 4 Barr (Pa.) 173 (1846); 12 P.L.E. 462 §14; Sum. Pa. Jur., Real Property II, §49 (1959); 174 A.L.R. 1241, 1243 (1948).

The easement passed from Motorman's Services to the sheriff of Lehigh County to petitioners.[2] The sign being in place and plainly visible when petitioners purchased their plot from the Puchyrs, petitioners took subject to the easement.

In coming to this conclusion, we emphasize that this decision in no way harms petitioners who, because of the express easement, could not use the land in question for any purpose other than that for which it is presently being used. A contrary result would, however, effectively destroy the use of the property as a motel.

In view of the foregoing, we enter the following

## ORDER

And now, December 16, 1975, the petition of Reuben Klugman, Matthew Wojnar and Gerald Klugman, partners, t/a Wojnar and Klugman, is denied.

---

2. The sheriff's sale of the dominant estate did not extinguish the easement: 28 C.J.S., 708, §46 (1941); 168 A.L.R. 529 (1947).

Editor's note: An appeal to the Superior Court was discontinued.