579 A.2d 452

**HARBOR CREEK SCHOOL DISTRICT and Millcreek Township School District**

v.

**CITY OF ERIE and Carl Cannavino, City Treasurer (Two Cases).**

**Appeal of MILLCREEK TOWNSHIP SCHOOL DISTRICT (Two Cases).**

Commonwealth Court of Pennsylvania.

Argued Feb. 5, 1990.

Decided Aug. 17, 1990.

Petition for Allowance of Appeal
Denied Jan. 4, 1991.

Robert C. Ward, Dunlavey, Nichols, Ward & Krill, Erie, for appellant.

Robert C. Brabender, Erie, for appellees.

Before McGINLEY and PELLEGRINI, JJ., and BARRY, Senior Judge.

## OPINION

BARRY, Senior Judge.

The Millcreek Township School District (Millcreek) appeals two orders of the Court of Common Pleas of Erie County. The first order, inter alia, enjoined the City of Erie and its treasurer, Carl Cannavino, (herein referred to collectively as Erie) from withholding a five per cent commission for all earned income taxes collected by Erie from employers located within the City for taxpayers who lived within the boundaries of Millcreek. The second order denied Millcreek's petition for reconsideration and/or clarification; in

that order, the trial court refused to require Erie to continue collecting the tax before distributing the amounts due to Millcreek. For the reasons that follow, we will affirm the trial court's first order and reverse the second.

In 1948, the City passed its Income Tax Ordinance which imposed a tax of one percent of all salaries, wages, commissions and other compensation earned within the City by both its residents and non-residents. Employers were required to withhold the monies from their employees and submit the withholdings to the "Receiver of Taxes". Article VI of the ordinance also provided that the Receiver of Taxes was required "to collect and receive taxes imposed by the Income Tax Ordinance".

Since the enactment of the ordinance, the City has collected earned income taxes from persons who worked within the City but lived elsewhere. The City made quarterly advances to the municipalities and school districts entitled to the tax. When a final reconciliation was made for each tax year, Erie would withhold five per cent of the taxes collected as the fee for such services. No written agreement ever existed between the City and the outlying municipalities and school districts concerning the five per cent fee.

In 1983, the Harbor Creek Township School District (Harbor Creek) lodged a protest with Erie concerning the collection fee. Millcreek did nothing until September, 1988 when both Harbor Creek and Millcreek filed a multi-count complaint against Erie in which they requested that Erie be enjoined from withholding the collection fee; they also sought return of the fee for all years beginning in 1983.

The trial court enjoined Erie from retaining a collection fee beginning in 1989. It held that because Harbor Creek had protested Erie's practice concerning the collection fee, it was entitled to be repaid all collection fees withheld since 1985. The court refused to make a similar award to Millcreek, holding that Millcreek had never made a protest until it filed suit. The court held that the doctrines of equitable estoppel, waiver and laches prevented Millcreek from recovering any past collection fees.

After the entry of this order, Millcreek sought reconsideration and/or clarification, in which it alleged a continuing obligation of Erie to collect the taxes without the payment of a fee and submit them to Millcreek. The Court held that it had no power to require Erie to collect the taxes because the City could amend its Income Tax Ordinance to relieve itself of its self-imposed obligation to collect the taxes. Millcreek appealed both orders.[1]

Millcreek first argues that the trial court erred in refusing to award it the past collection fees withheld by the City. Its argument is twofold. It first argues that the equitable principles of estoppel, waiver and laches could not be considered by the court because they were never pled. Our review of the pleadings shows that these defenses were not pled. In that regard, the trial court's reliance upon equitable estoppel and waiver was improper. Nonetheless, the court did rely upon the doctrine of laches to deny the requested relief. Pa.R.C.P. No. 1509(b) explicitly states that "[t]he objections of laches and failure to exercise or exhaust a statutory remedy may be raised by preliminary objection, answer or reply *but are not waived if not pleaded.*" That rule, adopted in 1952, apparently is based upon the Supreme Court's decision in *Grange National Bank of McKean County v. First National Bank of Bradford,* 330 Pa. 1, 198 A. 321 (1938), where the Court stated, "It makes no difference that laches were not pleaded in defense. When the fact of laches appears in evidence or on the face of the bill the court may in its discretion and *on its own motion deny relief upon that ground." Id.,* 330 Pa. at 4, 198 A. at 323 (emphasis added). It is therefore clear that the trial court did not err in considering the defense of laches when it was not pled.

Millcreek next asserts that laches should not prevent the return of past collection fees to it. This argument is

1. The City also filed two notices of appeal and those appeals were consolidated for purposes of oral argument. For reasons not relevant here, the two appeals by the City were quashed and the only remaining matters to be decided are the two School District appeals.

based upon two considerations. Millcreek first argues that the protest filed by Harbor Creek was sufficient to prevent the application of laches against it. We fail to see how a protest filed by one school district can have any application to an unrelated school district. Harbor Creek believed that the practice of withholding collection fees was wrong and so notified Erie. Millcreek did nothing until it filed suit. We refuse to accept Millcreek's argument that Harbor Creek's protest can be treated as Millcreek's protest.

Millcreek also argues that there is no support in the record for application of the doctrine of laches. As the Court stated in *Grange National Bank*, "Laches bar relief in equity whenever in the chancellor's discretion a party has by his delay disentitled himself to the unusual remedies equity affords to those who deserve them." 330 Pa. at 3, 198 A. at 322. We must remember that the practice of withholding collection fees has been in force for over forty years. As the City has obviously used the monies so retained, we refuse to interfere with the trial court's discretionary application of this equitable principle to deny equitable relief to Millcreek.

We believe, however, that the court erred in relying upon the possibility that the City could amend its ordinance when it held that the City was no longer required to collect the tax. The ordinance makes clear that the City Treasurer is required to make such collections. Until this requirement is changed, such collection must continue. All of Millcreek's arguments in this regard concern why an amendment to the ordinance would be illegal and unconstitutional. We need not address those questions until the City, if it chooses, amends its ordinance and a challenge is filed to the amendment.

## ORDER

NOW, August 17, 1990, the order of the Court of Common Pleas of Erie County, dated May 31, 1989, at Civil Division No. 3763-A-1988 is affirmed. The June 8, 1989 order at that docket number is reversed.